5 435
67 502

## Griswold *against* Mather:

### IN ERROR.

On a bill in chancery for the conveyance of the legal title to mortgaged premises, the jurisdiction of the court is determined by the value of such premises.

The facts requisite to shew, that the court has jurisdiction of the suit, must be directly averred in the bill.

*A.* mortgaged certain lands to *B.*, having previously mortgaged the same lands to *C. B.* obtained a foreclosure. *C.* afterwards died; and his heirs obtained a foreclosure against *A.* and *B*, and then brought ejectment against *A.* for the premises. During the pendency of this action, it was agreed between the parties, that the premises should be appraised, and the mortgage debt to *C.* paid therefrom; and that the surplus should be released, by the heirs of *C.* to *D.*, the son of *A.*, to be applied by *D.*, as it should be needed, for *A.*'s support.— This agreement was carried into effect; the mortgage debt to *C.* was satisfied from the premises; and there was found a surplus of 28½ acres, which was distinguished by metes and bounds. Upon an application in chancery by *D.*, against the heirs of *C.*, a decree was passed, vesting in *D.* a title to such surplus, pursuant to the agreement. *A.* died before the passing of this decree; and such surplus was received and held by *D.*, without consideration, in order to keep it from *A.*'s creditors. On a bill in chancery brought by *B.*, against *D.*, for a conveyance of the legal title to such surplus, it was held, 1. that *D.* being the only person interested in the subject of the bill, it was not necessary to make any other person party defendant; 2. that *B.* had not adequate remedy at law, as he had not the legal title, and the interposition of a court of chancery was necessary to supersede the decree, under which *D.* held title; 3. that in consequence of such satisfaction of the mortgage debt to *C.*, the equita-

ble title of his heirs was extinguished, and the foreclosure against *B.* was opened as to such surplus, and his mortgage resuscitated ; 4. that *D.* had no right at law or in equity, his title being nominal only ; and consequently, 5. that *B.* was equitably entitled to the relief sought by his bill.

This was a bill in chancery, brought originally to the superior court, by *Mather* against *Griswold*, for a conveyance of the legal title to a certain piece of land, containing twenty-eight acres and a half.

On the 12th of *February*, 1816, *Matthew Griswold* mortgaged to the plaintiff two pieces of land in *Windsor*, containing about 120 acres, as security for the indorsement and payment of certain notes, to the amount of 765 dollars.   The mortgage became forfeited ; and the mortgagor, by a decree of the superior court, passed in *September*, 1816, was foreclosed of his equity of redemption.   Before the execution of this mortgage deed, *viz.* on the 6th of *February*, 1816, *Matthew Griswold* had mortgaged the premises to *Isaac Owen*, since deceased, by a deed immediately thereafter recorded, as security for a debt, which, after *Owen's* decease, was distributed to *Adiah Cornish, Lucretia Adams*, and *Sarah Owen.*   By a decree of the superior court, passed in *February*, 1818, these proprietors of the mortgage debt foreclosed both *Matthew Griswold* and the plaintiff.   They afterwards brought their action of ejectment, against *Matthew Griswold*, to recover the premises ; in which action he appeared and made defence, claiming that the mortgage deed to *Owen* was void ; and thereupon it was agreed between the parties, that the opposition to the suit should cease ; that the premises should be appraised ; and that the surplus beyond the mortgage debt should be released, by the heirs and devisees of *Owen*, to *Thaddeus Griswold*, the defendant, the son of *Matthew* ; *Thaddeus*, on his part, having engaged to apply the surplus property, as it should be needed, for the support of his father.   Further opposition to the suit was withdrawn accordingly ; the premises were appraised ; the heirs and devisees of *Owen* received what was appraised to them, in satisfaction of their debt ; and there was found a surplus, consisting of twenty-eight acres and a half, which was distinguished, and divided from the other part, by metes and bounds.   Upon the application of *Thaddeus Griswold* against *Adiah Cornish* and others, the superior court, in *February*, 1823, passed a decree, vesting in him a title to such surplus, pursuant to the agreement before-mentioned. *Matthew Griswold* died before the passing of this decree ; and the surplus in question was received and held by the defendant,

without the payment of any consideration, in order to keep it from the plaintiff and others, the creditors of his father. The mortgage debt to *Owen* was fully paid, by the land appraised and set off to his heirs and devisees ; the defendant, at that time, being a bankrupt. The plaintiff claimed in his bill, that by virtue of such payment, the foreclosure obtained by *Adiah Cornish* and others, was opened, and rendered inoperative, in relation to such surplus ; which equitably belonged to the plaintiff. He therefore prayed, that the court would order and decree, that the defendant should, by a suitable deed, convey such surplus to the plaintiff.

Upon this state of facts the court decreed, that the title of the defendant to such surplus should vest in the plaintiff, his heirs and assigns, forever. To obtain a reversal of this decree, the record, on motion of the defendant, was transmitted to this Court, pursuant to the statute of *May*, 1823.

*Daggett* and *N. Smith*, for the plaintiff in error, contended, 1. That the superior court had not jurisdiction of the cause ; the land sought by the bill not being of greater value than 335 dollars.

2. That the decree was not final ; there being other persons, who ought to be made parties. The heirs of *Matthew Griswold*, for whom the defendant holds the land in trust, have an interest, and must be brought before the court.

3. That the plaintiff lost all right, by *Owen's* foreclosure.

4. That if otherwise, there was adequate remedy at law.

5. That if the decree of foreclosure is opened, then the plaintiff's right to redeem is restored, and he must redeem the whole.

6. That if, however, the plaintiff's equity is confined to the 28 1-2 acres, it is a right to foreclose the mortgagor,—not to have the land unconditionally.

*T. S. Williams* and *W. W. Ellsworth*, for the defendant in error, insisted, 1. That the cause was properly cognizable by the superior court.

2. That the necessary parties were before the court. All that the plaintiff wants, is the legal title ; and this is vested in the defendant alone. Upon the case which the plaintiff presents, no one has any interest except himself and the defendant.

3. That the plaintiff's equity was very strong.

4. That by the payment of the first mortgage debt, the fore-

*Hartford,*
June,
1825.

Griswold
*v.*
Mather.

closure was opened. *Dashwood* v. *Blythway*, 1 *Eq Ca. Abr.* 317. *Perry* v. *Barker*, 13 *Ves.* jun. 198. 204. 1 *Madd. Chan.* 421.

5. That, at any rate, the defendant could not set up *Owen's* foreclosure as a defence to this suit.

HOSMER, Ch. J. Several objections to the decree of the superior court have been made, the principal of which are, that the court had no jurisdiction of the suit ; that the proper and necessary parties were not before the court ; that there was adequate remedy at law ; and that the plaintiff had no equitable title to the relief sought.

1. As to the jurisdiction. The jurisdiction of the court is tested by the value of the mortgaged premises. *Peters* v. *Goodrich*, 3 *Conn. Rep.* 146. *Scripture* v. *Johnson*, 3 *Conn. Rep.* 211. The statute on this subject imparts jurisdiction to the superior court " of all suits for relief in equity wherein the value of the matter or thing in demand *exceeds* the sum of three hundred and thirty-five dollars ;" and to the county court " of all suits for relief in equity wherein the matter or thing in demand shall *not exceed* the sum of three hundred and thirty-five dollars."— By the cases before referred to, it was decided, and is the established law of the state, " that by the matter or thing in demand," is meant the value of the mortgaged premises. Now, what is their value ? No answer can be given to this enquiry, from any part of the record.

It was said in the argument, that from the amount of the mortgage and the court's having assumed jurisdiction, it is to be *presumed*, that the premises mortgaged were of sufficient value to authorize the decree. This argument is founded on no principle, and proves too much. If the suit had been brought before the county court, and a decree had been rendered, on the same facts, the same argumentation would prove, that the superior court had no jurisdiction, but that it was vested in the county court.

It is an universal principle of pleading, applicable to all courts, because founded on a reason which applies equally every where, that no fact can be assumed in favour of the party pleading, except it be directly averred, or arises by necessary inference. On the contrary, the construction shall be taken most strongly against him, as it is to be intended, that every person states his case as favourably to himself as possible. 1 *Chitt. Plead.* 241. The exceptions to the rule clearly define

its limits. They comprise those cases where the court is *ex officio* bound to take notice of a fact ; where the law presumes a fact ; and where the fact should more properly come from the other side. 1 *Chitt. Plead.* 217. 218. 227. 229. It is just as necessary, and for the same reason, to aver the facts requisite to shew, that the court has jurisdiction of the plaintiff's suit, as to allege sufficient to demonstrate, that there is not adequate remedy at law, and that there is redress in equity. The judgment of a city court, in an action in which the cause of action is not averred to have arisen within the city, is erroneous, because the case is not brought within its jurisdiction. *Maples* v. *Wightman*, 4 *Conn. Rep.* 376. On this trite subject, I am conscious of being unnecessarily particular ; but my apology for it consists in the importance of unquestionable stability on this interesting point, brought into controversy for the first time, after the lapse of many years. It lies at the foundation of all pleading, and involves the first principles on which they have been established. They are intended to provide information for the court that has jurisdiction over the subject matter of controversy, and that there exists a right of suit ; and to inform the party defendant of the matter in demand, and to put him under an obligation to make defence. Here, there can be no relaxation from rigid rule ; and there ought to be none. It is the foundation of all judicial proceedings, easily understood, and of indispensible validity, whether regard be had to the interests of private justice and of public convenience, or to the exhibition of legal justice, which every record ought to contain.

A superior court of *general* jurisdiction (such are the courts at *Westminster*) has in its favour a presumption of law, that " nothing shall be intended to be out of its jurisdiction, which is not alleged and shewn to be so." But the law is widely different as to *limited* jurisdictions ; " within whose jurisdiction nothing shall be intended to be, which is not alleged to be so."— *The King* v. *Johnson*, 6 *East* 601. 1 *Wms. Saund.* 74. n. The courts in this State are *all* of limited jurisdiction ; and the inevitable consequence results, that the facts requisite to shew that they have cognizance, in any given case, must be averred. As the value of the mortgaged premises does not appear from the plaintiff's bill, the court below had no jurisdiction of the cause ; (*a*) and for this reason, the decree of the court must be reversed.

(*a*) But where the value of the matter or thing in demand is averred in the

2. It is objected, that the heirs of *Matthew Griswold* ought to have been made parties in the suit. It does not appear, that *Matthew Griswold* had any heir except *Thaddeus*, the defendant ; and clear it is, *he* is the only person interested in the subject of the plaintiff's bill.

3. It is said, there is adequate remedy at law ; to sustain which assertion, it must be made to appear, that the plaintiff has *legal title* to the property demanded ; and that a court of common law is competent to give the requisite redress. Now, neither of these propositions is correct. The legal title was in *Owen*, by virtue of his mortgage and decree of foreclosure ; and the title of the plaintiff, by virtue of his subsequent mortgage, was the equity of redemption only. The payment of *Owen's* debt, after the mortgage had become absolute, and the consequent opening of the foreclosure, left in him an outstanding legal title, with which the plaintiff could not be invested, otherwise than by a deed or decree. The payment of the mortgage money, after the law day has expired, as was decided in *Phelps* v. *Sage*, 2 *Day* 151., does not revest the title in the mortgagor, by the mere acceptance of the mortgage money, but merely gives a right to redeem. Besides, the decree of a court of competent jurisdiction, under which *Thaddeus Griswold* held title, could not collaterally be impugned in a court of law, but must directly be superseded in chancery only.

4. Whether the plaintiff has an equitable title to the relief sought by his bill, is the remaining enquiry.

*Isaac Owen* was the first mortgagee, and having foreclosed the equity of redemption to the property mortgaged, his estate therein became absolute. Subsequent to this, his mortgage debt was paid, by an appropriation of a certain part of the land, set off by metes and bounds ; and a title to the residue, by decree of court, pursuant to an agreement with *Owen*, was vested in the defendant, *Thaddeus*, without the payment of any consideration. From this moment, so far as respects the heirs of *Owen*, the foreclosure, by the payment of the debt due to him, was open ; and the outstanding legal title to the twenty-eight and a half acres, was transferred to the defendant. That the lien by the first mortgage, by these proceedings, was annihilated, is unquestionable. If a foreclosure is obtained, by a first against

bill in a suit in chancery, or in the declaration in an action at law, to be of the requisite amount, it is well settled, that this is sufficient to give the court jurisdiction, though the value proved on the trial should not be of that amount. *Pitkin* v. *Flowers*, 2 *Root* 42. *Newtown* v. *Danbury*, 3 *Conn. Rep.* 553,—*R.*

*Hartford,*
June,
1825.

Griswold,
*v.*
Mather.

a second mortgagee, and the land is afterwards devised by him to the mortgagor, the foreclosure will be opened in favour of the second mortgagee. It is, because the debt from the mortgagor to the second mortgagee continued due, the charge on the estate is valid, and re-attaches on the lands, if they come into the hands of the mortgagor, or of a claimant under him. 2 *Pow.* on *Mort.* 1073. *Cook* v. *Saddler,* 2 *Vern.* 235. 1 *Eq. Ca. Abr.* 317. Now, that is precisely the case before the court, with this immaterial variation only, that the mortgaged estate was transferred to the defendant, not by a devise, but by an agreement without consideration, executed by a decree. The result, thus far, is, that *Owen's* debt having been paid, by a certain part of the mortgaged premises, accepted in satisfaction, the foreclosure as to the residue, *i. e.* the twenty-eight acres and a half,—was opened, and the equitable title of the heirs of *Owen* extinguished.

The removal of this incumbrance resuscitated the mortgage of the plaintiff ; and a foreclosure having before been obtained, by him, against *Matthew Griswold,* he had a right to the legal, as well as an equitable title to the premises. There was no right of redemption in the defendant. In the first place, he was *nominally* the tenant, and *really* the trustee of the estate for his father the mortgagor, who before had been foreclosed by the plaintiff. But on the correctest theory, he had no interest in the land ; the agreement, in virtue of which he obtained a supposed title, having been in fraud of the plaintiff, and absolutely void.

In conclusion, the equitable title of *Owen* was extinguished, by payment of his debt ; the right of the defendant was nominal only, existing neither at law nor in equity ; and the plaintiff being mortgagee of the equity of redemption, and having foreclosed the mortgagor, had an equitable right to the conveyance of the premises.

I am, therefore, of opinion, that the judgment below be affirmed *in omnibus,* except with respect to the point of jurisdiction ; and, on that ground, reversed.

BRAINARD, J. was of the same opinion.

PETERS and BRISTOL, Js. understood the bill to aver, that the value of the mortgaged premises exceeded three hundred and thirty-five dollars ; and were therefore of opinion, that the

superior court had jurisdiction of the cause. On the other points, they concurred with the Chief Justice.