ALFRED COSENZA ET AL. *v.* GEORGE WHITMORE
ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1005

Argued October 14, 1980 – decided January 30, 1981

*Francis X. Dineen,* for the appellants (defendants).

*Herbert G. Hyman,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought this summary process action based upon termination of a lease by lapse of time. A judgment of immediate possession was sought. The defendants moved for a jury trial. This motion was granted by the court, *Schaller, J.,* after a hearing. Subsequently, another judge of the Superior Court, *Mancini, J.,* without any notice or hearing overruled the prior action of the court and issued an order suo motu denying the motion. The defendants thereafter appealed to the Supreme Court, which transferred the matter to this court under Practice Book, 1978, § 3076.

In order for this court to hear an appeal, there must be jurisdicton under General Statutes § 51-197d. This section states, in part, that the "appellate session of the superior court shall have jurisdiction of appeals from any final judgment or action in . . . (2) Any summary process proceeding . . . ." To determine if this court has jurisdiction the initial inquiry is whether the action appealed from is a "final judgment or action."

In *Beach* v. *Beach Hotel Corporation,* 115 Conn. 708, 163 A. 416 (1932), it was held that granting a motion to strike from a jury list is not an appealable

final judgment. As the court so aptly stated in *Beach:* "The ruling of the trial court did not conclude the rights of the parties so that further proceedings would not affect them. The parties were still in court; the issues in the case were still open and might be fully litigated; and judgment might still be rendered in favor of the appellant. The ruling of the trial court was not such a final judgment as afforded the basis for an appeal to this court." Id. In two instances the Connecticut Supreme Court has reviewed the granting of a motion to strike from a jury list. *Amercoat Corporation* v. *Transamerica Ins. Co.,* 165 Conn. 729, 345 A.2d 30 (1974), cert. denied, sub nom. *Pfotzer* v. *Amercoat Corporation,* 431 U.S. 967, 97 S. Ct. 2926, 53 L. Ed. 2d 1063 (1977); *Leary* v. *Stylarama of New Haven, Inc.,* 174 Conn. 217, 384 A.2d 377 (1978). In neither of these cases was the issue of whether the granting of such a motion is a final judgment raised or discussed. We cannot regard them as overruling *Beach,* supra, sub silentio. Since *Beach* has never been overruled, it is still current law.

Practice Book, 1978, § 3001[1] does not, as the defendants contend, change this conclusion. This rule allows an appeal to be taken from a final judgment which does not terminate the litigation. Under this section, a judgment must dispose of certain of the issues between the parties in order to be treated as a final judgment for such appeal. The judgment in the present case did not dispose of any of the issues in the

---

[1] Practice Book, 1978, § 3001 provides as follows: "A judgment disposing of certain of the issues between the parties or of part or all of the issues between some of them in such a manner as to be final but not terminating the litigation may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues or as to other parties; but the party or parties may, at their option, reserve their appeal until the final judgment is rendered which disposes of the cause for all purposes and as respects all parties; provided, in such a case, that notice of appeal shall be given within twenty days after issuance of notice of the rendition of the judgment disposing of part of the issues."

underlying summary process action which will ultimately be tried. We hold that this court does not have jurisdiction to hear this appeal because the denial of a motion for a jury trial is not a final judgment.

Originally, the defendants brought this appeal to the Supreme Court under General Statutes § 52-265a which provides that an aggrieved party may take an appeal directly to the Supreme Court if the chief justice certifies that the action "involves a matter of substantial public interest and in which delay may work a substantial injustice." The defendants failed to receive such required certification. They argue that the provision of § 52-265a requiring certification by the chief justice is unconstitutional. In *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 529–30, 290 A.2d 327 (1971), the court suggests that that provision may be an unconstitutional use of the legislature's power in that it invests in a single judicial officer power which the legislature itself does not have the authority to exercise. This statement, however, is dictum, and the provision referred to has not been ruled unconstitutional.

In any event, the first clause of § 52-265a, which gives the Supreme Court jurisdiction over matters of substantial public interest, cannot be read to give jurisdiction to the Appellate Session. Any jurisdiction in the Appellate Session which diminishes the jurisdiction of the Supreme Court must be specifically authorized by statute. Thus, General Statutes § 52-263, providing for certain appeals from the Superior Court to be taken to the Supreme Court, cannot be read to confer jurisdiction on this court. Our jurisdiction can only be taken from the direct statutory authority of § 51-197d. That section does not confer jurisdiction upon this court in matters of substantial public interest or otherwise where there is no final judgment. The mere transference of this case before hearing

from the Supreme Court to the Appellate Session is insufficient to give this court jurisdiction over the matter.

Finally, the defendants argue that if the Appellate Session does not hear this appeal the order denying the jury trial will evade review. The only circumstance in which no review of the order could occur would be a victory for the defendants. They could hardly complain about such an outcome.

The appeal is dismissed.

SHEA, DALY and BIELUCH, Js., participated in this decision.