This is an appeal from several orders of the court made during the course of litigation arising from three actions for foreclosure brought by the plaintiff against the defendant. The underlying foreclosure actions have been combined for purposes of appeal. In the complaints in these actions the plaintiff claimed a foreclosure of certain mortgages, possession of the premises, deficiency judgments, attorneys' fees, other equitable relief and damages of $18,000 in the first case, $56,600 in the second case, and $97,500 in the third case. Each of these actions resulted in a judgment of foreclosure on April 20, 1979. The appeal to this court involves several orders which were entered after the judgments of foreclosure were rendered. In particular, the defendant has appealed from an order holding him in contempt, a denial of his motion to disqualify a judge, a denial of a motion to dismiss and an order appointing a rent receiver.
The jurisdiction of the Appellate Session of the Superior Court is defined by General Statutes 51-197d. This statute gives the Appellate Session 633 *Page 633 
jurisdiction over appeals from civil actions only where the amount, legal interest, or property in demand is less than $7500.[1] In all other cases, an appeal must be taken directly to the Supreme Court. Any diminution in the jurisdiction of the Supreme Court, such as the allocation to the Appellate Session sanctioned by 51-197d, must be strictly confined to the limitations of the statute. Cosenza v. Whitmore, 37 Conn. Sup. 541,425 A.2d 949 (1981).
Generally, for the purpose of jurisdiction, the amount in demand is determined only by reference to the complaint. Holmquist v. Spinelli, 139 Conn. 429,430-31, 94 A.2d 621 (1953). This rule also applies with respect to the jurisdiction of an appellate court. 4 Am.Jur.2d, Appeal and Error 26, 27. Once it is shown that the "amount, legal interest or property in demand" according to the allegations of the complaint exceeds $7500, the Appellate Session of the Superior Court lacks jurisdiction, even though the particular ruling which is the subject of the appeal may involve a lesser sum. Conversely, the Supreme Court, which has appellate jurisdiction of cases where the amount in demand exceeds $7500, would consider on appeal any ruling or order related to the action even though lesser sums may be involved. Since it is clear that the amount in demand exceeds $7500 in each of the three actions which are the subject of this appeal, jurisdiction of an appeal concerning any ruling or order entered by the trial court in the disposition of the cases rests solely in the Supreme Court. *Page 634 
Practice Book 1068[2] provides that appeals which have been brought to the Appellate Session but are not properly within its jurisdiction shall be transferred to the Supreme Court. This appeal must be transferred accordingly.
 It is ordered that this appeal be transferred to the Supreme Court.
SHEA and COVELLO, Js., participated in this decision.