PATRICIA GRODIS *v.* ROBERT W. BURNS ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1108

Argued September 14 – decided November 13, 1981

*Michael Shapiro,* with whom was *Richard P. Gilardi,* for the appellant (plaintiff).

*Thomas M. Murtha,* for the appellee (defendant).

DALY, J. The plaintiff, a Republican, brought this action in quo warranto and mandamus to challenge

---

the installation of defendant Robert W. Burns, a Democrat, as a member of the Stratford Housing Authority.[1] The trial court construed the relevant provision of the General Statutes, § 9-167a (d), as not providing the plaintiff with a statutory right to the relief sought. The court, therefore, rendered judgment for the defendants, from which the plaintiff has appealed to this court.

The defendant town of Stratford had previously moved to dismiss the appeal on the ground that this court lacked subject matter jurisdiction and that the appeal should have been taken to the Supreme Court. This motion was denied because an appeal brought to the Appellate Session which is properly within the jurisdiction of the Supreme Court must be transferred rather than dismissed.[2] Although the appeal has since been argued on its merits, there is a reason not articulated in the previous motion which requires us to reexamine our jurisdiction over the appeal. The precise question presented is whether an appeal from a judgment in a mandamus action in which the complaint fails to state the monetary amount of the legal interest involved falls within our limited statutory jurisdiction. General Statutes § 51-197d.[3]

---

[1] Although the complaint sounded in two counts, quo warranto and mandamus, this appeal is only from the denial of the writ of mandamus.

[2] Practice Book § 1068.

[3] General Statutes § 51-197d, as it existed when this appeal was filed, provide in relevant part:

"The appellate session of the superior court shall have jurisdiction of appeals from any final judgment or action in the following matters:

"(1) Any civil action for legal or equitable relief, including proceedings for a declaratory judgment, injunction or writ of mandamus, in which the amount, legal interest or property in demand is less than fifteen thousand dollars."

The increase of our jurisdictional limit to $15,000 from $7500 was effectuated by P.A. 81-416, which became effective on July 1, 1981. Although the present appeal was filed prior to that date, our present jurisdiction is defined by the statute as quoted. This change is of no significance in this case, however, for reasons stated in this opinion.

Appeals in Connecticut are matters of statutory privilege rather than constitutional right. *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 133, 75 A. 709 (1910). Therefore, the rules which govern appeals must be strictly followed. Maltbie, Conn. App. Proc., pp. 2–3. "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44 (1963). See *Cosenza* v. *Whitmore,* 37 Conn. Sup. 541, 425 A.2d 949 (1981).

Our jurisdictional statute, § 51-197d, empowers the Appellate Session to hear appeals from "[a]ny civil action for legal or equitable relief, including proceedings for a . . . writ of mandamus, in which *the amount, legal interest or property in demand* is less than fifteen thousand dollars." (Emphasis added.)

Courts have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. *Heiser* v. *Morgan Guaranty Trust Co.,* supra. The amount in demand is such a jurisdictional fact, and has long been determined in Connecticut by reference to the complaint. *Holmquist* v. *Spinelli,* 139 Conn. 429, 430–32, 94 A.2d 621 (1953) (citations omitted). This rule also applies to the jurisdiction of an appellate court. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 37 Conn. Sup. 632, 633, 436 A.2d 1260 (1981). Therefore, to determine whether the amount in demand is within the governing jurisdictional limit of the Appellate Session, the court must look to the trial record, in particular the complaint, and may not rely on any extrinsic evidence on the subject. Ibid.; accord, 4 Am. Jur. 2d., Appeal and Error §§ 20, 26–27. Furthermore, the amount in demand may not be the subject of speculation or conjecture by a court of limited jurisdiction, but must

be *affirmatively stated.* 4 Am. Jur. 2d, Appeal and Error, § 27 n.2; 20 Am. Jur. 2d., Courts § 155; 61A Am. Jur. 2d., Pleading §§ 56, 70.

The principle that the jurisdictional amount must be stated in the record, and that the failure to do so defeats the jurisdiction of a court of limited jurisdiction, has been long recognized in this state. *Griswold* v. *Mather,* 5 Conn. 435, 438–39 (1825); see *Watson* v. *Wells,* 5 Conn. 468, 471, 474 (1825). We are aware of one decision that reaches a contrary result. *Pollard* v. *Pollard,* 23 Conn. Sup. 116, 1 Conn. Cir. Ct. 143, 177 A.2d 471 (1961). In that case, the Circuit Court held that it had jurisdiction over an action of ejectment, despite the failure of the complaint to state that the premises involved had a value within its jurisdictional limit of $2500 as prescribed by the 1959 statute § 52-2a. The court reasoned that such an omission was immaterial where the value of the action was "for all practical purposes immeasurable." 23 Conn. Sup. at 120, 1 Conn. Cir. Ct. at 146.

This result is inconsistent, however, with the more recent holding of our Supreme Court in *Carten* v. *Carten,* 153 Conn. 603, 219 A.2d 711 (1966). That case involved an equitable bill for discovery that was brought to the Superior Court, in which the complaint, as in *Pollard,* lacked any allegation indicating the value of the legal interest involved. It could not be determined, therefore, whether the matter in demand fell within the limited jurisdiction of the Court of Common Pleas or the general jurisdiction of the Superior Court. The Supreme Court noted that "[w]here the jurisdiction of an inferior court is made by statute to depend on a specified amount, the jurisdiction does not attach to any case in which the right involved cannot be calculated in money." Id., 612, citing 21 C.J.S., Courts § 50. It concluded that the matter could not be within the jurisdiction of the inferior court where the jurisdictional facts were not

expressly alleged, and held that such a case must be brought to the court of general jurisdiction. It follows, therefore, that if it cannot be determined from the complaint that the amount in demand falls within the limited jurisdiction of the Appellate Session, then an appeal can be taken only to the court of general jurisdiction, the Supreme Court.

The complaint in the action before us indicates that the controversy involves membership on the Stratford Housing Authority, but contains no facts stating the monetary value of that position. In this context, some jurisdictions have long held that the value of the legal interest involved is measured by the remuneration or salary involved. *Smith* v. *Adams,* 130 U.S. 167, 173–77, 9 S. Ct. 566, 32 L. Ed. 895 (1889); *McPherson* v. *State ex rel. Hopkins,* 56 Kan. 139, 42 P. 374 (1895); *Dryden* v. *Swinburn,* 15 W. Va. 234, 246, 247–51 (1879); see generally, 4 C.J.S., Appeal and Error § 67.1, p. 205. We need not consider this question, however, because the complaint here fails to allege whether the position calls for a salary, or the amount thereof, and is also devoid of any other facts from which the value of the legal interest involved can be ascertained. This makes it impossible for us to determine whether the appeal falls within our limited statutory jurisdiction.

Accordingly, the appeal must be transferred to the Supreme Court pursuant to Practice Book § 1068. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* supra, 634.

The appeal is ordered transferred.

In this opinion SHEA and COVELLO, Js., concurred.