FRANK SMITH ASSOCIATES *v.* STANLEY V. TUCKER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1206

Argued December 21, 1981 – decided February 5, 1982

*Stanley V. Tucker*, pro se, the appellant (defendant).

*Frazier G. Scott*, for the appellee (plaintiff).

FRANCIS X. HENNESSY, J. This is an appeal from the denial of the defendant's motion for disbursement of previously ordered payments for use and occupancy held by the court clerk. The plaintiff is a duly appointed receiver of rents for the defendant's property in a separate foreclosure proceeding. The plaintiff brought an action in summary process to evict the defendant from his apartment for nonpayment of rent. The court ordered payments for use and occu-

pancy to be made by the defendant during the pendency of the action, thereby creating a fund held by the court. The rent receivership was subsequently terminated, after which the court granted the defendant's motion to dismiss the summary process action. The defendant filed a motion for disbursement of the fund being held by the court. The court denied this motion, from which judgment the defendant has now appealed.

After the rent receivership was terminated and the summary process action was dismissed, the defendant argued that the court lacked jurisdiction to retain payments for his use and occupancy. He has asked this court to order the trial court to disburse the entire fund to him.

The plaintiff contends that the trial court has the right to hold the payments until the completion of a pending foreclosure proceeding in another court involving the same parties and property. The plaintiff also argues that the court retains jurisdiction over the fund until the compensation which is due the rent receiver in the foreclosure action can be determined. Alternatively, the plaintiff contends that if the court lacks jurisdiction to withhold disbursement of the fund, then, in that event, this court should compensate the rent receiver or order the fund to be held by the plaintiff pending the outcome of the foreclosure action.

Section 47a-26b of the General Statutes grants the court authority to order a tenant to deposit with it payments for the use and occupancy of premises that are the subject of a summary process action. In addition, § 47a-26f[1] requires that the court, after entry of

---

[1] General Statutes § 47a-26f provides in relevant part: "HEARING TO DISTRIBUTE PAYMENTS. After entry of final judgment, the court *shall hold a hearing* to determine the amount due each party from the accrued payments for such use and occupancy *and order distribution* in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments . . . ." (Emphasis added.)

final judgment, hold a hearing to determine the amount due each party from the accrued payments for use and occupancy and order distribution of the fund in accordance with its determination. Both parties have requested that this court, as an appellate panel, determine the manner in which the fund shall be distributed. This we cannot do.

The Appellate Session of the Superior Court has authority to review only matters that fall within its limited statutory jurisdiction; *Grodis* v. *Burns*, 37 Conn. Sup. 844, 846, 440 A.2d 315 (1981); and cannot substitute its judgment for matters that the trial court is statutorily empowered to decide. The trial court has, by dismissing the summary process action, rendered a final judgment. It is now required to hold a hearing and disburse the use and occupancy fund in accordance with its determination, as required by General Statutes § 47a-26f. *Groton Townhouse Apartments* v. *Marder*, 37 Conn. Sup. 688, 691, 435 A.2d 47 (1981).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this decision.

In this opinion BIELUCH and COVELLO, Js., concurred.