[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action, plaintiff moves for summary CT Page 11779 judgment against defendant Edward Ochman who appears pro se, has filed an answer alleging special defenses and counterclaims, but has submitted no affidavits or evidence controverting the affidavits and documents substantiating plaintiff's claim for judgment. This court initially declined to rule on the motion because an additional party was added as a party defendant and the pleadings were not closed. Plaintiff moved for reconsideration on the grounds that Section 379 of the Connecticut Practice Book has been amended to permit consideration of a summary judgment motion when "the pleadings are closed as between the parties to that motion." Since that is the case between plaintiff and defendant Ochman, the court will now rule on plaintiff's motion.
Plaintiff has established by affidavits and documentary evidence that defendant Cutter Lewis Street Associates Limited Partnership (hereinafter Cutter Lewis) executed and delivered in 1989 to Fleet National Bank of Connecticut (hereinafter Fleet) a promissory note in the face amount of $19,500,000, secured by certain properties on Lewis, Trumbull and Pearl Streets in Hartford. By other documents the maturity date of the note was from time to time extended and other properties added as security. At the time this action was brought the note was in default; there was due and owing on it a principal balance of $19,500,000, back interest of over $4,700,000, with interest accruing at a rate of over $4,100 a day. The note and mortgage were assigned to plaintiff on October 21, 1991.
The complaint alleges as a subsequent incumbrance to plaintiff's mortgage, a fourth mortgage in favor of defendant Economic Research Associates in the original amount of $12,000,000.
On April 20, 1992 this court entered a judgment of strict foreclosure in favor of plaintiff. Thereafter defendant Ochman moved to reopen the judgment on the grounds that he had invested with Economic Research Associates $500,000 of that $12,000,000 Economic Research Associates mortgage and should be allowed to be a party in this action to protect his equitable interest in the Economic Research Associates mortgage. The court granted his motion. Ochman filed an answer admitting the essential allegation of plaintiff's complaint as to the due CT Page 11780 execution, delivery and default of the Cutter Lewis $19,500,000 mortgage to Fleet. In a pleading entitled counterclaim and dated July 17, 1992, Ochman alleges: (1) Defendant Cutter Lewis was improperly served with the original complaint; (2) Ochman seeks an investigation by the United States Attorney General's office; (3) certain principals of Cutter Lewis have filed for bankruptcy; (4) certain principals of Cutter Lewis were given funds in September 1990, presumably by Cutter Lewis, instead of those funds being used to pay the debt owed to plaintiff; and (5) certain investors, including Ochman, invested a total of $12,000,000 to commence construction of the project but nothing was built. He requests the following relief: (a) discovery as to what happened to the $12,000,000 when nothing was built, (b) discovery against principals of Cutter Lewis, (c) "Lender Liability", (d) "Fiduciary Responsibilities of General Partners", and (e) "Doctrine of Equitable Subordination."
As to the claim of improper service on Cutter Lewis, counsel appeared for that defendant in February 1992. No objection as to service was made within the thirty days mandated by Connecticut Practice Book 144 and any deficiency of service may be deemed waived. The other allegations of the counterclaim relate to potential grounds Ochman may have to recover against principals of Cutter Lewis but do not impact on plaintiff's right to recover on its note.
In the course of this case, defendant Ochman's motion for a jury trial was denied by a judge of the superior court and Ochman has appealed that decision to the Appellate Court.
In defense of this motion for summary judgment, Ochman asserts the following defenses: (1) The appeal to the Appellate Court stays any further action on this file; (2) plaintiff is "not primary owner of Mortgage on certain parcels. Union Trust is 1st Mortgagee and Defendants may be 2nd"; (3) plaintiff knew of Cutter Lewis financial instability and refinanced a prior mortgage with the $19,500,000 mortgage here being foreclosed upon, to improve its position to the detriment of other mortgagees. "Doctrine of Equitable Subordination may be Applicable"; (4) depositions are needed to discover relationship between Fleet and principals of Cutter Lewis, the leasing arrangement between Fleet and Cutter Lewis for space in the projected building, CT Page 11781 and the participation agreement between Fleet and Cutter Lewis; (5) U.S. Attorney General in Washington should investigate this matter, and (6) Ochman and other investors expected their $12,000,000 to be "construction financing and nothing was built."
As to (2) above, plaintiff has established by affidavit it is the owner of the mortgage being foreclosed upon.
As to (3) above while Ochman asserts the doctrine of "equitable subordination", he submits no evidence in support of it so as to create a genuine issue of fact. "Mere assertions" and "bald statements" are insufficient to establish the existence of a material fact and cannot refute the properly presented evidence of the moving party. Daily v. New Britain Machine Co., 200 Conn. 562, 569 (1986), Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12
(1983); Kasowitz v. Mutual Construction Co., 154 Conn. 607,613 (1967).
As to (4) above, relating to time for Ochman to take depositions, this foreclosure action has been pending since November 1991, and Ochman has been allowed to be a party defendant since June 1992. The five months since June are a sufficient time for Ochman to have taken depositions or marshalled other evidence to submit some factual grounds for his defenses to plaintiff's foreclosure action. Thus far, he has presented none whatsoever. Moreover, there are substantial equitable reasons for moving this case along. The interest on plaintiff's debt accrues at the rate of over $4,100 a day. When judgment was originally entered in favor of plaintiff on April 22, 1990 the plaintiff's debt was found to be $24,477,095 and the fair market value of the properties securing the note to be $13,000,000. Thus, plaintiff is incurring a substantial daily loss and has virtually no probability of recouping its debt from the property. These circumstances mandate that defendant Ochman act expeditiously to establish the bases for his defenses to the foreclosure action. He must bear the consequences of his failure to do so.
The court advised Ochman over and over again to get a lawyer because he was relying on highly technical legal doctrines. His refusal to do so no longer constitutes an excuse for his lack of diligence in taking depositions and CT Page 11782 marshalling evidence to support his defenses.
As to (5) above, the court will not wait on an investigation of the "United States Attorney General."
As to (6) above, it relates to any claims Ochman may have against Cutter Lewis or Economic Research Associates and does not impact upon plaintiff's right to relief.
Finally, in (1) above, Ochman asserts a defense to this motion based on the alleged automatic stay created by his appeal of the denial of his motion for a jury trial.
This defense fails for two reasons. Section 4046 of Connecticut Practice Book provides that "if an appeal is filed, such proceedings [to enforce or carry out a judgment] shall be stayed until final determination of the cause." In the early case of Beach v. Beach Hotel Corporation,115 Conn. 708 (1932) the Supreme Court held that striking a case from the jury list was not a final judgment that could furnish the basis for an appeal because "the ruling did not conclude the rights of the parties so that further proceedings would not affect them." id., 708. That holding was reaffirmed in Franchi v. Farmholme, Inc., 191 Conn. 201,209 (1983) and followed in Cosenza v. Whitmore, 37 Conn. Sup. 541,542 (1981). Thus, Ochman's appeal from the denial of his motion for a jury trial, not being from a final judgment, does not create a stay of further proceedings in this case.
The second reason Ochman's defense is unobtaining is that the instant motion for summary judgment does not implicate a right to a jury trial. Even if Ochman were to prevail in his appeal, this court could still rule on plaintiff's motion for summary judgment which, of course, can be determined without any trial at all.
Ochman's asserted defenses to this motion being unsupported by competent affidavits or documentary evidence, irrelevant to plaintiff's right to a foreclosure, and/or legally without merit, the court grants plaintiff's motion for summary judgment in its favor as against defendant Ochman on its complaint. As to plaintiff's motion on Ochman's counterclaims, the court, pursuant to Connecticut Practice Book 382, gives Ochman until February 15, 1993 to present CT Page 11783 facts opposing plaintiff's motion, at which time on the motion being reclaimed for a hearing, the court will rule on that portion of the motion.
Robert Satter State Trial Referee