CENTRIX MANAGEMENT COMPANY, LLC *v.*
ESTEPHANIE VALENCIA ET AL.
(AC 34697)

DiPentima, C. J., and Alvord and Bishop, Js.

Argued April 10—officially released September 17, 2013

*Robert Shluger*, for the appellant (plaintiff).

*Ralph S. Keen III*, for the appellees (defendants).

*Michael H. Clinton* filed a brief for the Connecticut Coalition of Property Owners as amicus curiae.

*Cecil J. Thomas* and *David A. Pels* filed a brief for Greater Hartford Legal Aid, Inc., et al. as amicus curiae.

*Opinion*

DiPENTIMA, C. J. The threshold issue in this appeal arising out of a summary process action is whether the reciprocal attorney's fees in the consumer contracts statute, General Statutes § 42-150bb, applies to landlord-tenant rental agreements. The plaintiff, Centrix Management Company, LLC, appeals from the trial court's orders awarding attorney's fees to the defendants, Estephanie Valencia and Jose Sanchez, and distributing the court-held use and occupancy payments. The plaintiff claims that (1) the court erred in awarding the defendants attorney's fees pursuant to § 42-150bb, (2) the award of attorney's fees was excessive, and (3) the court erred in releasing a portion of the use and occupancy payments to the defendants pursuant to General Statutes § 47a-35b. We agree with the plaintiff's third claim, but reject the plaintiff's first two claims. Accordingly, we affirm the award of attorney's fees, but reverse the court's distribution of the use and occupancy payments.

The record reveals the following facts and procedural history. In June, 2010, the plaintiff landlord commenced this summary process action against the defendant tenants, who lived together in an apartment in Newington. The plaintiff alleged in the complaint that the defendants had entered into a one year lease agreement with the plaintiff in October, 2009, but that they had failed to pay their rent pursuant to the lease agreement and remained in possession of the apartment despite the fact that the time given in the notice to quit had passed. The parties agree that the lease had been entered into and contained the following provision: "LEGAL FEES: Upon violation of any term of this Lease, You are responsible for reasonable attorney's fees and costs incurred by Us. If We incur legal fees to defend a suit as to Our obligations under this Lease, including security deposit disputes, and if We are the prevailing party, You will be responsible for payment of legal fees and costs."

In July, 2010, Valencia moved to dismiss the summary process action due to lack of subject matter jurisdiction, alleging that the plaintiff did not terminate the lease by unequivocal notice to quit as required by statute. On August, 19, 2010, following a hearing, the court, *Gilligan, J.*, granted the motion to dismiss. The plaintiff appealed to this court from the trial court's dismissal of its summary process action.

The parties filed motions during the pendency of the appeal. On August 25, 2010, the defendants filed a motion for attorney's fees, reasoning that they had been successful in defending the summary process action and requesting $2430 in attorney's fees pursuant to § 42-150bb. On December 23, 2010, the trial court, *Gilligan, J.*, issued a memorandum of decision in which it denied the motion for attorney's fees. *Centrix Management Co., LLC* v. *Valencia*, Superior Court, judicial district of New Britain, Housing Session, Docket No. NBSP-053902 (December 23, 2010). In May, 2011, the plaintiff

filed a motion pursuant to General Statutes § 47-35a (c) requesting an order directing the defendants to deposit use and occupancy payments with the court during the pendency of the appeal. The trial court, *Oliver, J.*, granted the motion, requiring the defendants to pay $840 per month commencing on May 12, 2011, during the pendency of the appeal.

On December 20, 2011, this court affirmed the judgment of the trial court dismissing the action, reasoning, inter alia, that it properly had determined that the actions of the plaintiff's property manager rendered the previously unequivocal notice equivocal. See *Centrix Management Co., LLC* v. *Valencia*, 132 Conn. App. 582, 586–91, 33 A.3d 802 (2011).

On December 28, 2011, the plaintiff filed a motion requesting that the use and occupancy moneys paid to the court by the defendants during the pendency of the appeal be released. On December 30, 2011, Valencia filed an objection to the plaintiff's motion arguing that "[a]ttorney's fees should be paid prior to release of payments to the court being paid over to the [plaintiff]." In January, 2012, Valencia filed a motion for attorney's fees requesting that the court order the plaintiff to pay attorney's fees, pursuant to § 42-150bb, in the amount of $9375 to the defendants because they had been the prevailing party in the motion to dismiss and on appeal.

On May 24, 2012, the court, *Oliver, J.*, issued two orders. The first concerned Valencia's motion for attorney's fees. In that order, the court determined that "all the prerequisites for recovery of attorney's fees pursuant to . . . § 42-150bb" had been established and awarded the defendants attorney's fees in the amount of $9375 for the successful defense of the summary process action. The second order concerned the plaintiff's motion for distribution of the use and occupancy payments. In that order, the court ordered that the $9240

in use and occupancy payments be equally distributed between the parties in the amount of $4620 to each side, reasoning that the defendants had incurred $9375 in attorney's fees in the successful defense of the action and that the plaintiff had been awarded damages and costs in the amount of $9240 in a separate action for the defendants' use and occupancy of the premises.[1] This appeal followed. We granted the application of the Connecticut Coalition of Property Owners to file an amicus curiae brief in support of the plaintiff, and the application of Greater Hartford Legal Aid, Inc., New Haven Legal Assistance Association, Inc., Connecticut Legal Services, Inc., Legal Assistance Resource Center of Connecticut, Inc., and Connecticut Legal Rights Project, Inc., to file an amicus curiae brief in support of the defendants.

I

The plaintiff argues that as a matter of law the court erred in applying § 42-150bb to award attorney's fees to the defendants because the statute does not apply to rental agreements. It posits that both the language and the legislative history of the statute support its position. We disagree.

We employ a plenary standard of review for this claim of statutory interpretation. See *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008) (issues of statutory construction raise questions of law subject to plenary review). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other

---

[1] In July, 2010, the plaintiff filed a separate action against the defendants seeking monetary damages in connection with the lease agreement. In July, 2011, the court, *Oliver, J.,* awarded the plaintiff $9475.80 in unpaid use and occupancy, unpaid rent, fees, and costs. *Centrix Management Co., LLC* v. *Valencia,* Superior Court, judicial district of New Britain, Housing Session, Docket No. CVN-1008-2253 (July 29, 2011).

words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 401–402, 920 A.2d 1000 (2007).

Section 42-150bb provides: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section

shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

It is not disputed that the defendants successfully defended this summary process action by obtaining a dismissal that was affirmed on appeal. Nor is it disputed that there was a written lease agreement between the parties that contained a provision for the plaintiff's recovery of attorney's fees. Relying on the Superior Court decision *Plainville Housing Authority* v. *Galka*, Superior Court, judicial district of New Britain, Housing Session, Docket No. NBSP-053968 (December 17, 2010), the plaintiff argues that the term "rental agreement" as used in General Statutes § 47a-1 (i),[2] does not appear in the language of § 42-150bb and that there is no mention of "landlord, tenant, rental agreement, dwelling unit or premises" in the legislative history of § 42-150bb.[3] Thus, the plaintiff claims that the statute should

---

[2] General Statutes § 47a-1 (i) defines "rental agreement" as "all agreements, written or oral, and valid rules and regulations adopted under section 47a-9 or subsection (d) of section 21-70 embodying the terms and conditions concerning the use and occupancy of a dwelling unit or premises."

[3] We have been unable to find, nor have the parties directed us to any, appellate authority on point. But see *Anderson* v. *Latimer Point Management Corp.*, 208 Conn. 256, 264–66, 545 A.2d 525 (1988) (discussing availability of attorney's fees under § 42-150bb based upon a sublease). The majority of Superior Court decisions over the past twenty years have disagreed with the decision in *Plainville Housing Authority* and have determined that § 42-150bb does apply to residential landlord-tenant leases. See, e.g., *Malcolm* v. *Diaz*, Superior Court, judicial district of Hartford, Housing Session, Docket No. HDSP-156276 (March 3, 2011); *Carabetta Management Co.* v. *Martin*, Superior Court, judicial district of Hartford, Housing Session, Docket No. HDSP-154717 (August 5, 2010) (50 Conn. L. Rptr. 801); *Figueroa* v. *FAH Redstone Ltd. Partnership*, Superior Court, judicial district of New Britain, Housing Session, Docket No. CVN-0702-2096 (November 29, 2007) (44 Conn. L. Rptr. 639); *Fonsworth* v. *Windsor Housing Authority*, Superior Court, judicial district of Hartford, Housing Session, Docket No. CVH 6701 (August 23, 2002) (33 Conn. L. Rptr. 63); *Fraser* v. *ETA Assn., Inc.*, 41 Conn. Supp. 417, 580 A.2d 94 (1990).

not be read to apply to landlord-tenant rental agreements. We are not persuaded by this analysis.

Under a plain reading of the statute, residential landlord-tenant lease agreements are included in its provisions. The statute explicitly includes leases, lessees, and lessors in its protection. Further, its final sentence pronounces that it applies "only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." General Statutes § 42-150bb. We conclude that there is no ambiguity in the text of the statute as to its applicability to residential leases. Accordingly, there is no basis to turn to the legislative history for further consideration. See General Statutes §1-2z; see, e.g., *In re Probate Appeal of Cadle Co.*, 129 Conn. App. 814, 830, 21 A.3d 572, cert. denied, 302 Conn. 914, 27 A.3d 373 (2011).

The plaintiff makes two additional arguments in support of its position that attorney's fees should not be awarded under § 42-150bb. Neither merits significant discussion. The first suggests that the conduct of the plaintiff which led to the dismissal in this case was not the type of conduct the statute was designed to discourage. Neither the clear language of the statute nor the record in this case supports that argument. It also claims that providing attorney's fees to tenants under § 42-150bb would be poor public policy because it would encourage claims of inadequate service of process and consequently lead to more dismissals, and would discourage withdrawals. This court is not convinced by either of these speculative and unsupported assertions.

Finally, we address an important point raised by the amicus curiae, Connecticut Coalition of Property Owners (coalition), which argues that, as a matter of law, § 42-150bb attorney's fees should not be awarded in

summary process actions because of the limited scope of such actions. The coalition refers to the long established law on the nature of this statutory procedure to assert that awarding attorney's fees in a summary process action would defeat the purpose behind that statutory procedure. Because our Supreme Court has specified a postjudgment procedure for seeking the fees under § 42-150bb, we are not persuaded by this argument.

We recognize that our case law consistently states that the issues in summary process actions are limited, that the ultimate issue is possession, and that summary process is a straightforward action limited to a few simple questions of fact. See, e.g., *Davidson* v. *Poli*, 102 Conn. 692, 695, 129 A. 716 (1925). "Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) *Young* v. *Young*, 249 Conn. 482, 487–88, 733 A.2d 835 (1999). "The ultimate issue in a summary process action is the right to *possession* . . . and [t]he relief available in summary process actions *is possession* of the premises." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Aguinaldo* v. *Warner*, 140 Conn. App. 264, 270, 58 A.3d 373 (2013). "While in certain cases complex issues may necessarily be a part of the action . . . the ordinary summary pace cannot be stalled by the defendant's simply raising the spectre of a complexity which is not . . . rooted in the nature of the relationship between landlord and tenant

and in the basis of the landlord's claim to possession; or simply by the defendant's threat to raise complex defenses which are not likely to be asserted in good faith . . . ." (Citation omitted; internal quotation marks omitted.) *Ossen* v. *Wanat*, 21 Conn. App. 40, 45–46, 571 A.2d 134 (1990), aff'd, 217 Conn. 313, 585 A.2d 685, cert. denied, 502 U.S. 816, 112 S. Ct. 69, 116 L. Ed. 2d 43 (1991).

Notwithstanding the assertion by the amicus curiae, seeking attorney's fees under § 42-150bb in summary process actions pursuant to our Supreme Court's holding in *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 432, 922 A.2d 1056 (2007), will not thwart the purpose behind the summary process statutes. In that case, our Supreme Court held that claims for attorney's fees under § 42-150bb must be brought by a motion under Practice Book § 11-21. That provision provides that the motion must be filed within thirty days after the final judgment of the trial court was rendered or within thirty days after an appellate decision on the underlying matter. Practice Book § 11-21. We see no hindrance to preserving the expeditious nature of summary process cases in allowing such motions.[4]

[4] As aptly noted by Judge Susan A. Peck in her decision in *Figueroa* v. *FAH Redstone Ltd. Partnership*, Superior Court, judicial district of New Britain, Housing Session, Docket No. CVN-0702-2096 (November 29, 2007) (44 Conn. L. Rptr. 639): "The plaintiffs argue that requiring claims for attorney's fees pursuant to § 42-150bb to be brought by postjudgment motion in summary process actions would overwhelm housing court dockets and defeat the expeditious nature of summary process because at least half of the 16,000 or so summary process cases brought each year involve leases with attorney's fees provisions. This argument is fallacious for several reasons. The reality is that tenants rarely prevail in summary process actions which involve written leases with attorney's fees provisions. In fact, the vast majority of summary process actions which proceed to judgment result in possession being awarded to the plaintiff landlord. Postjudgment claims for attorney's fees by prevailing landlords can only be brought pursuant to a specific lease provision in a separate postjudgment civil action because they are not statutorily derived."

## II

The plaintiff next claims that the award of $9375 in attorney's fees was excessive. We disagree.

We review this claim for an abuse of discretion by the trial court. See *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 78, 689 A.2d 1097 (1997). Because the trial court is in a more advantageous position to evaluate the services of counsel than a reviewing court, "[t]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." *Link* v. *Shelton*, 186 Conn. 623, 629, 443 A.2d 902 (1982).

Section 42-150bb provides in relevant part that "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." That provision has been interpreted to relate to the terms of the contract or lease. *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 74.

Under the parties' lease agreement here, the plaintiff, the commercial party, was to receive "reasonable attorney's fees." The court held a hearing and considered the affidavit of the defendants' counsel, noting that there was no objection to the hourly rate. In light of our deference to the trial court's discretion in determining a reasonable amount of attorney's fees and in light of the procedural history of this case, both at the trial and appellate levels, we cannot conclude that the trial court abused its discretion in the amount of attorney's fees awarded.

## III

The plaintiff last claims that the court erred in ordering the release of a portion of the use and occupancy

payments to the defendants pursuant to § 47a-35b. Specifically, the plaintiff argues that the distribution was improper because the defendants' claim for attorney's fees was not related to the use and occupancy of the premises.[5] We agree.

"Our standard of review regarding a claim of improper distribution of use and occupancy payments is abuse of discretion." *Brennan Associates* v. *RadioShack Corp.*, 140 Conn. App. 57, 60, 58 A.3d 334 (2013).

In its ruling on the plaintiff's motion for release of use and occupancy payments pursuant to § 47a-35b, the court stated that the distribution "is based upon the respective claims of the parties arising during the appeal, after the court's order for payments dated May 12, 2011." The court determined that the defendants incurred expenses of reasonable attorney's fees in the amount of $9375 in the successful defense of the summary process action and that in a related civil action between the same parties, the court had awarded damages and costs in the amount of $9475.80 for the defendants' use and occupancy of the premises. The court ordered that the $9240 in use and occupancy payments be equally distributed between the parties in the amount of $4620 to each side. In an articulation, the court explained that the parties have competing interests in the deposited funds and that "the plaintiff's right to be remunerated for the defendants' use and enjoyment of the premises, and the defendants' statutory right to reasonable attorney's fees for [their] successful defense of the summary process action and the appeal are in equipoise. Accordingly, the court ordered equal disbursement of the sums paid into court."

---

[5] Because we agree with this argument, we need not address the plaintiff's additional arguments regarding the impropriety of the court's release of use and occupancy payments for attorney's fees.

Section 47a-35b provides: "Upon final disposition of the appeal, the trial court shall hold a hearing to determine the amount due each party from the accrued payments for use and occupancy and order distribution in accordance with such determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of those claims only to the extent of the total amount distributed."

"The underlying purpose of a § 47a-35b proceeding is to place some obligation on a nonpaying tenant to provide a property owner with surety against further financial losses while the summary process judgment is being considered on appeal. . . . A proceeding to order the distribution of funds held by the court in a summary process action under § 47a-35b is properly limited to those claims related to the use and occupancy of the premises during the pendency of the appeal." (Citation omitted; internal quotation marks omitted.) *Rock Rimmon Grange #142, Inc.* v. *The Bible Speaks Ministries, Inc.*, 112 Conn. App. 1, 7, 961 A.2d 1012 (2009).

Section 47a-35b, is "nearly identical [to General Statutes § 47a-26f] in language and purpose . . . ." Id., 5. "Cases involving the distribution of funds under § 47a-26f have pertained to issues such as the lack of a certificate of occupancy; *Groton Townhouse Apartments* v. *Marder*, 37 Conn. Supp. 688, 691–92, 435 A.2d 47 (1981); credit to tenants for payment for minor repairs; *Ciavaglia* v. *Bolles*, 38 Conn. Supp. 603, 605–606, 457 A.2d 669 (App. Sess. 1982); and the irrelevancy of a prior pending foreclosure action to distribution of use and occupancy payments. *Frank Smith Associates* v. *Tucker*, 37 Conn. Supp. 897, 898–99, 442 A.2d 485 (App. Sess. 1982); see also *Invest II* v. *Southern Connecticut Mental Health & Substance Abuse Treatment Center*, Superior Court,

judicial district of Fairfield, Housing Session, Docket No. 940727340 (February 10, 1995) (13 Conn. L. Rptr. 613) (claims in § 47a-26f hearing can only be those directly related to physical use and/or occupancy of premises)." *Brennan Associates* v. *RadioShack Corp.*, supra, 140 Conn. App. 62.

The court erred in ordering a distribution of one half of the use and occupancy payments to the defendants for attorney's fees. The trial court noted in its articulation that the attorney's fees incurred by the defendants were directly related to the summary process action. The standard in distributing use and occupancy payments, however, is whether the claim for release of the use and occupancy payments is related to the use and occupancy of the premises. See *Rock Rimmon Grange #142, Inc.* v. *The Bible Speaks Ministries, Inc.*, supra, 112 Conn. App. 7. The defendants' claim for attorney's fees relates to the expenses incurred during the action and does not relate to the physical use and occupancy of the premises. Accordingly, we conclude that the court improperly ordered the distribution of one half of the use and occupancy payments to the defendants for attorney's fees.

The judgment is affirmed as to the granting of the defendants' motion for attorney's fees. The judgment is reversed as to the distribution of the use and occupancy payments to the defendants for attorney's fees and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.