*In the matter of the Petition of* GEORGE W. MORRIS *for a writ of Habeas Corpus.*

1. HABEAS CORPUS — *Limit of Inquiry.* Upon an application for a writ of *habeas corpus*, where the petitioner has been committed as for a contempt in failing to obey an order made in proceedings in aid of execution, if the officer had jurisdiction in the matter, his orders, so long as they are within the authority conferred upon him, cannot be inquired into, although they may have been irregular and erroneous.

2. PROBATE JUDGE — *Jurisdiction.* After the proceedings had been regularly instituted before a probate judge in aid of execution, and a receiver appointed, the jurisdiction of such judge continues until all orders concerning the property of the judgment debtor are fully obeyed.

*Original Proceedings in Habeas Corpus.*

THE material facts are stated in the opinion herein, filed at the session of the court in April, 1888.

*Wm. Thomson,* for petitioner.

*Foster & Wilson,* contra.

Opinion by HOLT, C.: A petition was filed in this court on the 14th day of February, 1888, on behalf of George W. Morris, for a writ of *habeas corpus.* It sets forth the following facts: On the 2d of September, 1887, an execution was issued out of the district court of Osage county, in the case of Downer *v.* Morris, against this petitioner, and was returned the next day wholly unsatisfied. Thereafter Downer instituted proceedings in aid of execution before Hon. Alexander Blake, probate judge of said county, and after a hearing in the case he made an order upon the 22d of October, 1887, which was served upon the petitioner on the day following. Said order directed Morris to deliver certain property to S. H. Fuller, sheriff of Osage county, who had been duly appointed receiver in the action, and to pay him the sum of $1,131 in money. Morris turned over to the sheriff all the personal property mentioned in the order, but failed to pay him $1,131,

or any part thereof. The property so turned over was applied in satisfaction of the judgment of Downer against Morris, but there still remained unpaid thereon the sum of $77 and costs; thereafter, on the 29th of November, 1887, the said probate judge issued his warrant and brought Morris before him for an opportunity to show cause why he should not be punished as for contempt in not obeying the order of the court; after a hearing, the judge sentenced Morris to confinement in the jail of said county until he should comply with said order. The petitioner immediately applied for a writ of *habeas corpus* to the judge of the 21st judicial district, and after a hearing was released. Afterward, without any further service or notice upon Morris, the probate judge made an order that he should pay over to the receiver the sum of $77, the balance of the judgment, and certain definite amounts as costs, both in the original action of Downer against Morris, and also in the proceeding then pending before him. A copy of this order was served upon the petitioner on the 2d day of January, 1888, and on the 8th day of February he issued a warrant under which Morris was arrested and brought before said probate judge, and after a hearing he was committed to the jail in Osage county as for a contempt. The petitioner alleges that this confinement is illegal, first, because the court had no power to make the order directing him to turn over the amount of $77 on the judgment, and the other amounts as costs, and therefore had no power to commit him to jail for failing to obey it; second, because this matter had already been once determined before the district judge upon *habeas corpus,* and he had been released. There is no complaint about the form of the mittimus.

The first inquiry we can make is, whether the probate judge was clothed with authority in this case. Ordinarily the probate judge can exercise jurisdiction in proceedings in aid of execution. (*In re Johnson,* 12 Kas. 102; *The State v. Gurnee,* 14 id. 92.) One of the questions which arises between an individual applying for a writ of *habeas corpus* and anyone denying its validity, is the authority of the court to commit.

We can question any defects which affect the jurisdiction of the court or officer, and which would render the proceedings void. The jurisdiction having been established, we cannot then inquire into the regularity of the proceedings. If there have been errors committed, even flagrant ones, the remedy for correcting them is not to be found in proceedings in *habeas corpus*. This writ was never designed to be of the nature of a writ of error, by which the errors or irregularities of judgment should be revised. (*In re Petty*, 22 Kas. 477; *In re Rolfs*, 30 id. 758; *The People v. Sheriff of New York*, 29 Barb. 622; Church on Habeas Corpus, § 363.)

It is to be presumed that all the steps taken in aid of execution were regular, and that the receiver was duly appointed. The probate judge had jurisdiction not only to make the order to compel the defendant in that action to turn over property and pay money to the receiver, but also to exercise his authorized powers until all of the debt should have been paid. The object and end of the proceeding was to obtain satisfaction of a judgment against Morris. The judge did not lose his jurisdiction of the case by making the order turning over the property of Morris, and directing the payment of $1,131 to the receiver, but still possessed plenary powers to compel him to obey the orders made for the purpose of satisfying the execution issued against him. (*The People v. Mead*, 29 How. Pr. 360; *Webber v. Hobbie*, 13 id. 382.)

The making of the order of December 28th without additional notice upon Morris was an irregularity — a flagrant error — and one that certainly cannot be approved; yet it is such an error that it cannot properly be inquired into in this matter. The judge had the power to make it; he exercised such power, and of its exercise we have no control or revision in this proceeding. (*Davison's Case*, 13 Abb. Pr. 129.) It is claimed that Morris established by a preponderance of the evidence that it was a physical impossibility for him to pay the money; the probate judge determined otherwise, and we cannot inquire into his judgment here; it is conclusive.

The second ground, that there is *res judicata*, owing to the

release of the prisoner by Judge Spilman, is not tenable. This is not the order that he failed to obey for which he was committed in November; it is a new order, and the judge had the power to enforce it without any regard whatever to the proceedings previously had, so far as the petitioner's release from custody was concerned.

We recommend that the prisoner be remanded.

By the Court: It is so ordered.

All the Justices concurring.