J. B. McPHERSON v. THE STATE OF KANSAS, *on the relation of Selden G. Hopkins, County Attorney.*— FRANK W. DUNN v. LAURA L. DUNN.

Nos. 10415, 10428.

1. SUPREME COURT—*Right to a Review.* Chapter 245 of the Laws of 1889 did not take away the right of the aggrieved party to a review in the supreme court of a judgment in an action of divorce, an action removing a person from a public office for official misconduct, or other action involving personal rights or status, where no amount of money, or thing susceptible of a money valuation, was in controversy. Appeals were cut off only where there was nothing in controversy but money, or property, or rights susceptible of a valuation in money.

2. COURTS OF APPEALS—*Jurisdiction.* Section 9 of chapter 96 of the Laws of 1895, concerning appellate courts, does not confer on the courts of appeals jurisdiction of petitions in error to reverse judgments for a divorce, or for the removal of a person from office for official misconduct. That clause in said section which gives the courts of appeals jurisdiction where the amount or value does not exceed $2,000, exclusive of interest and costs, includes only actions where there is an amount, or something having a money value, in controversy.

### Error from Sheridan District Court.

Two CASES — one an action by the state, on the relation of Selden G. Hopkins, county attorney of Sheridan county, against J. B. McPherson; the other action brought in Riley county by Laura L. Dunn against Frank W. Dunn. In both cases judgments were rendered for plaintiffs, and the defendants brought error to the court of appeals, which certified them to the supreme court. The opinion herein, filed November 9, 1895, contains a sufficient statement of the facts.

*J. A. Gill,* for plaintiff in error J. B. McPherson.

*Selden G. Hopkins,* county attorney, for The State.

*Milton Brown,* and *F. L. Irish,* for plaintiff in error Frank W. Dunn.

*John E. Hessin,* for defendant in error Laura L. Dunn.

The opinion of the court was delivered by

ALLEN, J.: These cases were set down for argument at the last session on the jurisdictional questions presented by the records. The case of *McPherson v. The State, ex rel.,* is a petition in error to reverse a judgment of the district court of Sheridan county, removing the defendant from the office of county clerk of that county for corruption and official misconduct. There is no money judgment to be reviewed, except

for costs, nor are there any parties to the proceedings but the plaintiff and the state.   The case of *Dunn v. Dunn* is a petition in error to reverse a judgment of the district court of Riley county, granting a divorce to the defendant in error, and awarding to her the custody of two minor children, and $50 for attorney's fees.    There are other orders with reference to the property of the parties, but nothing whatever to indicate the value thereof.    Two questions not heretofore passed on by this court are to be determined :  (1) Whether the judgment of the district court is not final.    (2) If an appeal lies, whether the jurisdiction is in this court, or the courts of appeals.

Section 1 of chapter 245 of the Laws of 1889, (Gen. Stat. 1889, ¶ 4642,) provides :

"No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), except in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution, or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the judge of the district court, or superior court trying the case involving less than one hundred dollars ($100) shall certify to the supreme court that the case is one belonging to the excepted classes."

Under this section, if the action be one to recover money, or specific property, and does not fall within any of the exceptions, it is clear that the judgment of the district court is final.    Did the legislature intend to take away all right of appeal in cases involving rights not susceptible of a valuation in money, or did it intend that the restriction should be confined to cases involving an amount of money, or something

having a value in money? The language employed does not express the purpose of the legislature in this particular with perfect clearness, and would seem to be susceptible of either construction. We find that by chapter 107 of the laws passed at the same session the law with reference to appeals in divorce cases was amended so as to require a notice of intention to appeal to be filed in the office of the clerk within 10 days, and allowing a petition in error to be filed within four months from the date of the decree. Chapters 107 and 245 were both approved by the governor on the 2d day of March, 1889. Although chapter 107 was first published in the official newspaper, and therefore took effect first, it is clear that the legislature intended that both acts should take effect, and that appeals should be allowed in divorce cases. Although property rights are often determined in divorce cases, they are disposed of rather as incident to the divorce, where one is granted, than as the principal subject of controversy. The provisions of chapter 107 permit an appeal as well where there is not as where there is a judgment for alimony. In the case before us there is also an order with reference to the custody of children. The rights affected by the judgment of divorce, and by the order with reference to the children, though wholly incapable of valuation in money, are yet of first importance to the individual. It was the evident purpose of the legislature in passing chapter 245 to cut off appeals in cases of trifling importance, where it was deemed better that such litigations should end with the district court than that they should consume the time of this court in the overcrowed condition of its docket. While there is no act passed at the same session of the legislature showing conclusively that it

was not intended to cut off appeals in cases involving the right to hold an office, as the first case now under consideration does, the reasons for allowing the appeal apply with substantially the same force to both cases. A removal from office for corruption or misconduct not only deprives the defendant of the emoluments of his office, which may be much or little, but subjects him to a lasting disgrace and injury not susceptible of valuation in money, and we think the defendant has the right to have the proceedings of the trial court reviewed and to be relieved from the consequences of any errors of law it may have committed.

Having reached the conclusion that the cases may be reviewed, we have little difficulty in determining the second question. So much of section 9 of chapter 96 of the Laws of 1895, concerning appellate courts, as is applicable to the question under consideration reads as follows :

"Said courts of appeals . . . shall have exclusive appellate jurisdiction, as now allowed by law, . . . in all proceedings in error, as now allowed by law, taken from orders and decisions of the district court, and other courts of record, or the judge thereof, except probate courts, in civil actions before final judgment, and from all final orders and judgments of such courts, within their respective divisions, where the amount or value does not exceed $2,000, exclusive of interest and costs. . . . All other cases of appeal and proceedings in error shall be taken as now provided by law."

Giving to the words used in this section the same construction given to section 1, chapter 245, of the Laws of 1889, it must be held that the courts of appeals take jurisdiction of cases under the provision quoted only when there is amount or value in controversy which does not exceed $2,000.

It follows from this construction that proceedings to reverse judgments for divorce and of removal from office must be brought in this court, and not in the courts of appeals, and that this court has jurisdiction of the two cases under consideration.

All the Justices concurring.