# NORTHERN DEPARTMENT — EASTERN DIVISION.
## NOVEMBER TERM, 1896.

MARY STEVENS v. JOHN C. MOORE, *as Sheriff of Douglas County.*

No. 497.

1. COURTS OF APPEALS—*Extent of Jurisdiction.* As the act creating the Kansas courts of appeals limits their appellate jurisdiction in civil actions to cases in which the amount involved or the value of the controversy does not exceed $2,000, exclusive of interest and costs, such courts cannot exercise jurisdiction to review any order or judgment of a district court, or of the judge thereof, unless made or rendered in an action for the recovery of money, or in which the matter in controversy has a money value.

2. ———— *Habeas Corpus not Reviewable.* A proceeding in *habeas corpus*, instituted and had before the judge of a district court for the discharge of the petitioner from an illegal imprisonment, if subject to review on petition in error, is appealable to the supreme court and not to the courts of appeals.

MEMORANDUM.—Error from Douglas district court; A. W. BENSON, judge. Proceeding in *habeas corpus* by Mary Stevens against John C. Moore, as sheriff of Douglas county. The petitioner was remanded to the custody of the sheriff, and brings the case to this court on petition in error. Certified to the supreme court. The opinion herein, filed December 3, 1896, states the material facts.

*S. D. Bishop,* for plaintiff in error.

*Ellis & Cook,* for defendant in error.

The opinion of the court was delivered by

GARVER, J. : The plaintiff in error, Mary Stevens, sought, by a proceeding in *habeas corpus* instituted be-

fore Hon. A. W. Benson, judge of the district court of Douglas county, to be discharged from an alleged illegal imprisonment enforced by the defendant in error, John C. Moore, as sheriff of said county. The petitioner was imprisoned under a commitment issued by one W. H. Mason, a notary public of Douglas county, because of her refusal to testify as a witness in the taking of depositions before him. A writ was duly issued by order of said judge, and upon its return with the body of the plaintiff in error a hearing was had, resulting in an order remanding her to the custody of the sheriff. To review and reverse such order, a petition in error with transcript of the record has been filed in this court. The defendant in error now moves to dismiss these proceedings, for the reasons: (1) That no appeal lies from the order and decision complained of; and (2) that, if an appeal lies, the jurisdiction to review is in the supreme court and not in this court. With this latter contention we agree.

The act creating the Kansas courts of appeals (Laws 1895, ch. 96) confers upon such courts only a limited and special jurisdiction. The supreme court remains, as it always has been, the only court having general appellate jurisdiction. The jurisdiction of this court must be found within the provisions of section 9 of said chapter 96, which provides:

"Said courts of appeals . . . shall . . . have exclusive appellate jurisdiction as now allowed by law in all cases of appeal from convictions for misdemeanors in the district and other courts of record; also in all proceedings in error, as now allowed by law, taken from orders and decisions of the district and other courts of record or the judge thereof, except probate courts, in civil actions before final judgment and from all final orders and judgments of such

courts within their respective divisions where the amount or value does not exceed $2,000, exclusive of interest and costs. . . . All other cases of appeal and proceedings in error shall be taken as now provided by law."

It is unimportant for the purposes of this case at this time to determine the correct classification, among actions and proceedings, of the proceeding known as *habeas corpus*. It matters not whether the proceeding had before the judge of the district court of Douglas county should be classed with civil actions or special proceedings, or whether it is of a *quasi*-criminal nature. The important question is, Is the order and decision complained of such an order as this court is authorized to review? Certainly the plaintiff in error was not convicted of a misdemeanor. That term has a well-understood meaning in the law, which must be presumed to have been in the legislative mind when the statute was under consideration. There is nothing in the proceeding in this case that would justify its classification under that head. Nor can it be regarded as a continuation of the contempt proceedings, and, therefore, partaking of its criminal character, as is the case (*Gleason v. Comm'rs of McPherson Co.*, 30 Kan. 53) when an order of commitment issued by an examining magistrate is reviewed by *habeas corpus*. There is no authority for such review of an order of commitment for contempt issued by a court or officer having authority to commit. (¶ 4785, Gen. Stat. 1889; *In re Morris, Petitioner*, 39 Kan. 28.)

Ordinarily, we think, *habeas corpus* is a civil proceeding. The code of civil procedure makes provision for it and governs the practice relating to it. But, considered as a civil proceeding, we have no jurisdiction. The courts of appeals have jurisdiction to review an order or judgment of the district court

or the judge thereof only where the amount or value does not exceed $2,000, exclusive of interest and costs. Jurisdiction is thus limited to a particular class of civil actions — such only as involves controversies having a money value. It necessarily embraces only such cases as are for the recovery of money, or that concern property or property rights which have a money value. The statute furnishes no criterion other than the amount or value in controversy by which the appellate jurisdiction of this court in civil actions may be determined. When, as in this case, the controversy is of a nature which does not allow of a reasonable valuation in money, how can it be said that the case falls within the class to which the jurisdiction is limited? This was the view of the law expressed by the supreme court in *McPherson v. The State, ex rel.*, 56 Kan. 139. The last part of the second paragraph of the syllabus of the court in that case, having reference to the statute above quoted, reads:

"That clause in said section which gives the courts of appeals jurisdiction where the amount or value does not exceed $2,000, exclusive of interest and costs, includes only actions where there is an amount, or something having money value, in controversy."

This was an action of *quo warranto*, appealed from the district court to this court, and by us certified to the supreme court, where it was held, on the ground that that court had exclusive jurisdiction of that class of cases. In principle, we are unable to distinguish that case from the one under consideration, so far as jurisdiction is concerned. We are of the opinion that the questions presented upon this record are not reviewable by this court. If appealable at all, the case falls within the general appellate jurisdiction of the supreme court, which has not been disturbed by the

act creating this court, except as to the special class of cases above mentioned.

The case will therefore be certified to that court.

All the Judges concurring.