HENRY C. STALEY v. THE CHICAGO, KANSAS &
WESTERN RAILWAY COMPANY AND THE ATCHISON,
TOPEKA & SANTA FE RAILWAY COMPANY.

**No. 884.**    (58 Pac. 494.)

COURTS OF APPEALS—*Jurisdiction — Amount in Controversy.*
Following the decision of the supreme court in *McPherson v.
The State, ex rel.*, 56 Kan. 139, 42 Pac. 374, and of the court of
appeals for the northern department in the case of *Stevens v.
Moore*, 4 Kan. App. 757, 46 Pac. 1011, in which section 9 of chap-
ter 96, Laws of 1895 (Gen. Stat. 1897, ch. 84, § 23; Gen. Stat.
1899, § 1864), which defines and limits the jurisdiction of the
courts of appeals, was construed, it is *held*, that this court has
not jurisdiction of an action wherein a perpetual injunction is
sought to prevent the defendants from filling up and destroying
a passageway and removing a trestle bridge from the right of
way of a railroad where it passes through the plaintiff's land,
there being no money value or amount in controversy.

Error from Butler district court; C. W. SHINN,
judge.    Opinion filed October 12, 1899.    Certified to
supreme court.

*G. P. Aikman*, for plaintiff in error.

*A. A. Hurd*, and *Redden & Kramer*, for defendants in
error.

The opinion of the court was delivered by

MILTON, J.: This action was brought to obtain a
perpetual injunction to prevent the defendants in error
from filling up and destroying a passageway and re-
moving a trestle bridge from the right of way of the
railroad where it passed through the plaintiff's land,
such right of way having been conveyed by the plain-
tiff and his wife to the defendant, the Chicago, Kan-
sas & Western Railway Company by a deed of warranty
which contained no reservation, and which expressed
a consideration of $650.    The plaintiff claimed that as

a further consideration it was orally agreed between the agent of the grantee and the plaintiff, prior to and at the time the deed was executed, that the plaintiff should have the perpetual right of user of the passage-way under the trestle between the several portions of his land. The defendants alleged the payment of a cash consideration of $650 for the right of way, and that if its agent made the agreement as claimed by the plaintiff such agent acted without authority, and that his act had never been ratified by the defendants. Upon the filing of the petition a temporary injunction was granted.

At the trial of the case it was ordered that the temporary injunction be dissolved. The petition in error was filed within thirty days after the order of dissolution was entered and the temporary injunction remains in force. The value of the alleged easement cannot be ascertained from the record.

This case comes from the supreme court, which in January, 1899, made an order for its transfer. Our jurisdiction in the premises is challenged by a motion to dismiss. In considering the grounds of the motion we have been led to conclude that we are without jurisdiction over the proceedings in error. Section 9 of chapter 96, Laws of 1895 (Gen. Stat. 1897, ch. 84, § 23; Gen. Stat. 1899, § 1864), which defines and limits the jurisdiction of the courts of appeals, was construed by the supreme court in the case of *McPherson v. The State, ex rel.*, 56 Kan. 139, 42 Pac. 374. In the opinion it was said:

"Giving to the words used in this section the same construction given to section 1, chapter 245, of the Laws of 1889, it must be held that the courts of appeals take jurisdiction of cases under the provision quoted only when there is amount or value in controversy which does not exceed $2000."

In the syllabus, referring to the same section of the statute, it is said :

"That clause in said section which gives the courts of appeals jurisdiction where the amount or value does not exceed $2000, exclusive of interest and costs, includes only actions where there is an amount, or something having a money value, in controversy."

The construction thus placed on said section 9 was followed by the court of appeals for the northern department in the case of *Stevens v. Moore*, 4 Kan. App. 757, 46 Pac. 1011, wherein a part of the opinion reads :

"The courts of appeals have jurisdiction to review an order or judgment of the district court or the judge thereof only where the amount or value does not exceed $2000, exclusive of interest and costs. Jurisdiction is thus limited to a particular class of civil actions —such only as involves controversies having a money value. It necessarily embraces only such cases as are for the recovery of money, or that concern property or property rights which have a money value. The statute furnishes no criterion other than the amount or value in controversy by which the appellate jurisdiction of this court in civil actions may be determined."

In view of the foregoing the case must be transferred to the supreme court, and it is so ordered.