(823 P.2d 223)
No. 66,517

ELKHART COOPERATIVE EQUITY EXCHANGE, *Appellee*, v.
NOEL HICKS, *Appellant*.

Opinion filed December 20, 1991.

*Robert M. Miles*, of Smith & Miles, Chartered, of Liberal, for appellant.

*John Richardson*, of Graybill & Richardson, of Elkhart, for appellee.

Before RULON, P.J., DAVIS, J., and JAMES P. BUCHELE, District
Judge, assigned.

RULON, J.: Noel Hicks, defendant, an Oklahoma resident, challenges the jurisdiction of a Kansas district court to require him
to appear for a hearing in aid of execution and to bring to that
hearing nonexempt property located in Oklahoma. We affirm in
part and reverse in part.

The parties submitted this action to the district court for trial
on an agreed statement of facts approved by the court. A brief
summary of the agreed facts follows.

Defendant contracted to purchase goods and services from the
plaintiff, Elkhart Cooperative Equity Exchange, a cooperative as-

sociation authorized to do business in Kansas. On March 20, 1990, plaintiff sued defendant in Morton County District Court for $20,213.60 that defendant owed on an open account. Defendant filed an answer and a confession of judgment on May 16, 1990, which stated that the defendant " 'subjects himself to the personal jurisdiction of the Court.' " On December 5, 1990, the district court entered judgment for plaintiff based on the pleadings. Soon thereafter, plaintiff filed an application for examination of the judgment debtor, claiming plaintiff was without sufficient knowledge of defendant's assets in order to execute its judgment.

On December 17, 1990, the district court ordered defendant to appear and answer on January 25, 1991, as to his assets. A copy of the application and notice of the hearing were sent by certified mail to defendant in Oklahoma. The hearing was continued until February 5, 1991, because defendant asked for additional time to gather the information and documents the plaintiff requested for the examination. However, the defendant failed to appear before the district court on February 5, 1991, and the court ordered defendant to show cause why he should not be found in contempt. On February 19, 1991, defendant personally appeared in court, for the first time with an attorney, and objected to the jurisdiction of a Kansas district court to order a nonresident to appear with certain nonexempt property for a hearing in aid of execution when the order was served by certified mail on the nonresident in another state.

The district court essentially reached the following conclusions: (1) The defendant had voluntarily submitted to personal jurisdiction according to the terms of his answer to the plaintiff's petition; (2) service of the order to appear under K.S.A. 1990 Supp. 60-2419 by certified mail was sufficient to provide notice of the nature of the action and time and place to appear; and (3) the defendant should surrender to Kansas officials certain nonexempt property (or documents of title to said property) located in Oklahoma.

## ORDER TO APPEAR

Defendant contends that a Kansas court does not have jurisdiction over an Oklahoma resident for the purpose of supplementary proceedings to collect a debt he owes to a Kansas plaintiff. Specifically, the defendant admits he voluntarily sub-

mitted to personal jurisdiction in the underlying action, but when the plaintiff took steps to collect the judgment, the defendant claimed the court had no authority to order him to appear in Kansas for a hearing in aid of execution, pursuant to K.S.A. 1990 Supp. 60-2419.

Kansas has not directly addressed the question of whether a court retains personal jurisdiction over a nonresident to order him to appear for a debtor's examination. Case law in other jurisdictions, discussing statutes similar to K.S.A. 1990 Supp. 60-2419, hinges on whether the courts treat a debtor's examination as supplemental, auxiliary to, and part of the underlying action, or as a separate and independent proceeding. See Sechtem and Niceswanger, *Bringing the Nonresident Judgment Debtor Back to Kansas*, 59 J.K.B.A. 25, 26-27 (1990).

"The majority of courts which have addressed this issue hold that a debtor's examination, like all proceedings supplemental to an execution, is auxiliary to and a continuation of the original cause." 59 J.K.B.A. at 27. See, *e.g.*, *American State Bank of Dickinson v. Stoltz*, 345 N.W.2d 365, 367 (N.D. 1984) (proceeding in aid of execution is not a new, separate action, but merely a proceeding in pending action against judgment debtor). A minority of courts view the debtor's examination as a separate statutory action that is no part of the underlying action. "In those states that treat a debtor's examination as a new and independent action, the trial court must reestablish its personal jurisdiction over the judgment debtor before the debtor's examination will be approved." 59 J.K.B.A. at 27.

Although no Kansas cases specifically address this issue, previous case law indicates to us that we should adopt the majority view that a debtor's examination hearing is a continuation of the original cause of action. In *In re Morris*, 39 Kan. 28, 18 Pac. 171 (1888), our Supreme Court held that once a trial court obtains jurisdiction over a case and the parties, such jurisdiction continues until the judgment is fully satisfied. 39 Kan. at 30. Moreover, in *Teats v. Bank*, 58 Kan. 721, 724, 51 Pac. 219 (1897), the Supreme Court held that the trial court was authorized to order a Kansas judgment debtor, who had moved to another county, to appear for a debtor's examination. "[T]he court had full jurisdiction to make the examination which was made, and it was the

clear duty of the defendant to appear and submit to such examination. By leaving the county, [the debtor] certainly did not deprive the court of jurisdiction over her." 58 Kan. at 724.

K.S.A. 1990 Supp. 60-2419 specifically addresses nonresident debtors, indicating that the legislature contemplated that nonresident debtors could be brought into this state for further proceedings:

"When an execution against the judgment debtor or one of several debtors in the same judgment issued to the sheriff of the county where the debtor resides or, if the debtor does not reside in the state, to the sheriff of the county where judgment was rendered or a transcript of the judgment has been filed, is returned unsatisfied in whole or in part, the judgment creditor is entitled to have an order for a hearing in aid of execution by the district court of the county to which the execution was issued. If a judgment creditor, without having attempted execution, alleges that the judgment creditor is without sufficient knowledge of the debtor's assets to advise the sheriff where and on what to levy execution, the judgment creditor shall be entitled to have an order for a hearing in aid of execution by the district court of the county where the debtor resides and a transcript of the judgment has been filed *or, if the debtor does not reside in the state,* where judgment was rendered or a transcript of the judgment has been filed." (Emphasis added.)

The statute further states that "[i]f, on proper application by the judgment creditor, the court finds that it will not cause undue hardship on the judgment debtor, the court may order a debtor residing in another county in this state to appear before the court for such a hearing." K.S.A. 1990 Supp. 60-2419. Defendant claims that a nonresident of the state should be afforded the same consideration, although this is not addressed by the statute. However, the defendant made no objection to the application. He requested more time to prepare for the hearing, which was granted. The defendant made no showing that coming into Kansas for the hearing would cause him "undue hardship"; we believe his argument is without merit.

We conclude a hearing in aid of execution of a judgment is not a new and separate proceeding, but merely a continuation of the underlying action. We are convinced that forcing a judgment creditor to reestablish jurisdiction over the judgment debtor before the debtor's examination would accomplish nothing and waste valuable judicial resources. Further, the defendant here was clearly advised of the pendency of the action when he entered

an appearance in the lawsuit and judgment was entered against him.

Defendant argues that service of the order to appear for the examination by certified mail to his residence in Oklahoma was improper. Unquestionably, the defendant does not dispute that he received notice of the hearing after the application was made by the plaintiff.

K.S.A. 1990 Supp. 60-2419 is silent on the method of service for the order to appear for a hearing in aid of execution. According to K.S.A. 1990 Supp. 60-205(a) and (b), orders are to be served on parties and can be mailed to a party at the last known address. K.S.A. 1990 Supp. 60-2419 requires the order to contain "a time and place" for the hearing, and also to state that the judgment debtor must "appear and answer concerning the debtor's property and income." Here, the district court held that the order mailed to the defendant was sufficient to put him on notice for the time and place of the hearing. After a party submits to the personal jurisdiction of a district court, service of an order to appear for a hearing in aid of execution by certified mail is proper. K.S.A. 60-102 specifically provides that "[t]he provisions of [the rules of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding."

## ORDER TO DELIVER PROPERTY

Defendant argues that a state has no power to reach property beyond its borders, and that he cannot be required to bring property located out of state before the Kansas court to surrender for the sheriff for satisfaction of the judgment. Under the particular facts of this case, we agree.

Recent case law in other jurisdictions limits judgment creditors to obtaining property located in the situs jurisdiction. In *Chadwin v. Krouse*, 254 Pa. Super. 445, 386 A.2d 33 (1978), the court refused to force the judgment debtor to deliver to the sheriff stock certificates which had a situs in another state prior to the institution of proceedings for supplementary relief in aid of execution. 254 Pa. Super. at 451. See also *Gavilanes v. Matavosian*, 123 Misc. 2d 868, 871, 475 N.Y.S.2d 987 (1984) (examination in aid of attachment must be limited to property within the juris-

diction). However, in *Wilson v. Casualty Co.*, 118 Ohio St. 319, 327, 160 N.E. 906 (1928), the court allowed the judgement creditor to reach out-of-state funds where the debtor had sent the funds outside the state to avoid collection. In our case, there is no evidence that the defendant removed property from Kansas to Oklahoma to avoid having the funds used to satisfy the plaintiff's judgment.

We have not left the plaintiff without a remedy. Kansas has adopted the Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq.* The State of Oklahoma has adopted the Uniform Foreign Money Judgments Recognition Act, Okla. Stat. tit. 12, §§ 710 *et seq.* (1981), and it has adopted the Uniform Enforcement of Foreign Judgments Act, Okla. Stat. tit. 12, §§ 720 *et seq.* (1981). The plaintiff can file the Kansas judgment in the state of Oklahoma and utilize the postjudgment collection procedures available in that state.

The district court's order directing the defendant to surrender property located in Oklahoma to a Kansas sheriff is reversed, and this case is remanded with directions to vacate such order.

Affirmed in part, reversed in part, and remanded with directions.