(838 P.2d 908)

No. 66,528

DOROTHY MAE SULLWOLD, *Appellant*, v.
WILLIAM R. BARCUS, *Appellee*.

Opinion
filed September 11, 1992.

*John H. Fields*, of Carson & Fields, of Kansas City, for appellant.

*Dennis L. Harris*, of Lugar & Harris, of Kansas City, for appellee.

Before RULON, P.J., BRAZIL, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

VICKERS, J.: Dorothy Mae Sullwold (plaintiff-appellant) appeals the trial court's refusal to allow her to amend her petition to include a claim for punitive damages and refusal to submit the issue of punitive damages to the jury.

This case arose out of an altercation between Sullwold and William R. Barcus (defendant-appellee) that occurred in Jalisco's restaurant and lounge in Kansas City, Kansas, on December 16, 1988. During the scuffle, Barcus pulled hair from Sullwold's head. Sullwold filed suit against Barcus on December 28, 1988, for assault and battery, seeking to recover damages for pain, fright,

and anguish; for the loss of her hair; and for injuries to her neck and back.

On December 28, 1988, Sullwold also filed a motion pursuant to K.S.A. 1991 Supp. 60-3703 for an order allowing her to file an amended petition, including a claim for punitive damages. No supporting affidavit was filed with the motion.

The appearance docket reflects the motion was granted after a hearing held January 20, 1989. Sullwold contends an attorney appeared on her behalf and presented a supporting affidavit to the trial court. No supporting affidavit has been included in the record on appeal. The trial court's ruling was not journalized, and no amended petition was filed.

Barcus was not served with the petition until January 24, 1989. Barcus filed his answer on March 27, 1989.

The trial judge's pretrial sheet dated September 14, 1990, which notes the scheduled pretrial conference was continued, reflects that Sullwold asked to amend her petition to claim punitive damages. The first pretrial conference subsequently was held October 12, 1990. The record does not reflect what occurred at this conference.

A second pretrial conference was held on October 25, 1990. The trial judge's pretrial sheet shows the pleadings would not be amended. The trial date was set for January 14, 1991.

Sullwold failed to submit pretrial orders following both pretrial conferences. After Barcus filed a motion to dismiss on January 3, 1991, because of Sullwold's failure to submit the pretrial orders, Sullwold did submit a pretrial order on January 8, 1991. The pretrial order contained the following paragraph:

"5. Amendments to the pleadings.
Plaintiff's motion for an order allowing her to file an amended petition including a claim for punitive damages was sustained on January 20, 1989. Plaintiff's petition is amended to include a claim in excess of $10,000.00 for punitive damages in addition to actual damages."

At a hearing held January 11, 1991, to resolve various pending matters, the trial court addressed the issue of whether Sullwold would be allowed to file an amended petition to claim punitive damages. The trial judge reviewed the court file and determined Sullwold had not complied with K.S.A. 1991 Supp. 60-3703 because he had failed to file a supporting affidavit with the motion

to amend. The trial court also concluded the order entered January 20, 1989, granting Sullwold's motion to amend was void because Barcus had not yet been served with the petition at the time the ruling was made. The trial court refused to enter a new order granting the motion to amend. The word "VOID" had been written across paragraph five of the pretrial order.

The trial commenced as scheduled on January 14, 1991. At the jury instruction conference, the trial court overruled Sullwold's objection to the trial court's refusal to instruct the jury on the issue of punitive damages. After deliberations, the jury returned a verdict in favor of Sullwold and awarded her damages totalling $250.

Sullwold filed a motion for new trial contending, in pertinent part, the trial court erroneously handled the punitive damages issue and erred by failing to submit the issue of punitive damages to the jury. Following the denial of her motion for new trial, Sullwold timely appealed.

*Did the trial court err by refusing to allow Sullwold to amend her petition to include a claim for punitive damages and by refusing to submit the issue of punitive damages to the jury?*

Sullwold contends the trial court erred by refusing to allow her to amend her petition because the January 20, 1989, order granted her motion to amend. Sullwold argues K.S.A. 1991 Supp. 60-3703 does not prohibit the filing of an amended petition for punitive damages ex parte. Sullwold asserts the statute does not specifically require that the affidavit in support of the motion be filed with the motion, only that it be presented to the trial court, which she contends she did on January 20, 1989. Sullwold argues paragraph five in the pretrial order was sufficient to amend the pleadings and justify submission of the punitive damages issue to the jury.

Alternatively, Sullwold contends the trial court abused its discretion by refusing to grant the motion to amend at the January 11, 1991, hearing. Sullwold asserts justice required the trial court to amend the petition, arguing the motion was timely filed; the statute is silent as to when the motion must be decided; Barcus had constructive notice of the motion when his counsel entered an appearance on February 9, 1989; Barcus was probably served

with a copy of the motion; and it must have been obvious to Barcus and his counsel that Sullwold would claim punitive damages.

"In Kansas, punitive damages are awarded to punish the wrongdoer for his malicious, vindictive, or willful and wanton invasion of another's rights, with the ultimate purpose being to restrain and deter others from the commission of similar wrongs." *Gillespie v. Seymour*, 250 Kan. 123, 144, 823 P.2d 782 (1991).

In 1987, our legislature enacted article 37 of chapter 60 of our code of civil procedure relating to punitive and exemplary damages. L. 1987, ch. 216, § 1. Further enactments occurred in 1988. L. 1988, ch. 209, §§ 2, 3, 4.

Relevant to the situation herein is K.S.A. 1991 Supp. 60-3703, which states:

"No tort claim for punitive damages shall be included in a petition or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to ·be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim pursuant to K.S.A. 60-209, and amendments thereto. The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed on or before the date of the pretrial conference held in the matter."

Sullwold's first contention places in issue the interpretation of K.S.A. 1991 Supp. 60-3703. "Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 1, 829 P.2d 561 (1992).

In *NAL II, Ltd. v. Tonkin*, 705 F. Supp. 522 (D. Kan. 1989), a limited partner, NAL II, Ltd., brought an action against a general partner, Tonkin, seeking an accounting and dissolution of the partnership. Tonkin counterclaimed, seeking damages under theories of malicious prosecution and fraud. Tonkin also sought punitive damages on the counterclaims.

NAL II, Ltd., argued Tonkin failed to properly plead punitive damages in light of recently enacted K.S.A. 1991 Supp. 60-3703. 705 F. Supp. at 526. Applying Kansas law, the court found the new statute was purely procedural, affected only the remedy of

punitive damages, was entitled to retroactive effect, and was considered to have been effective when the present suit was commenced. 705 F. Supp. at 527.

Judge Saffels explained:

"[K.S.A. 1991 Supp. 60-3703] requires a party seeking punitive damages to demonstrate their basis for the punitive damage claim to the court and allows the opposing party an opportunity to dispute this basis. Then, the court would determine whether the claim is merited." 705 F. Supp. at 526.

Judge Saffels continued:

"The new statute is a change in the state's code of civil procedure. The purpose of the statute is simply to change the procedure by which a party pleads the desired remedy of punitive damages. . . . The new statute affects the time in a lawsuit when a court determines whether a claim for punitive damages is appropriate." 705 F. Supp. at 527.

Our Supreme Court in *Glynos v. Jagoda,* 249 Kan. 473, 487, 819 P.2d 1202 (1991), noted that "K.S.A. 1990 Supp. 60-3703 contemplates a ruling on a punitive damage claim motion on the basis of supporting and opposing affidavits to be filed on or before the pretrial conference."

We decline to accept Sullwold's argument that K.S.A. 1991 Supp. 60-3703 allows the ex parte filing of an amended petition to claim punitive damages. K.S.A. 1991 Supp. 60-3703 provides for both supporting *and opposing* affidavits on a plaintiff's motion. The language of the statute clearly contemplates participation by all parties when a determination is made by the trial court that the plaintiff has established that there is a probability he or she will prevail on a claim of punitive damages.

We also conclude the affidavit in support of the motion to amend must be filed with the motion and served upon each of the parties. K.S.A. 1991 Supp. 60-205(a) states in pertinent part:

"Except as otherwise provided in this chapter, the following shall be served upon each of the parties: every order required by its terms to be served; every pleading subsequent to the original petition, unless the court otherwise orders because of numerous defendants; every paper relating to discovery required to be served upon a party, unless the court otherwise orders; *every written motion other than one which may be heard ex parte;* and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper." (Emphasis supplied.)

K.S.A. 1991 Supp. 60-206(d) states:

"A written motion, other than one which may be heard *ex parte*, and notice of the hearing thereof shall be served no later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the judge. Such an order may for cause shown be made on *ex parte* application. *When a motion is supported by affidavit, the affidavit shall be served with the motion;* and except as otherwise provided in subsection (d) of K.S.A. 60-259, and amendments thereto, opposing affidavits may be served not later than one day before the hearing unless the court permits them to be served at the time of hearing." (Emphasis supplied.)

K.S.A. 1991 Supp. 60-205(d)(3) provides: "All other papers filed after the petition and required to be served upon a party, shall be filed with the court either before service or within a reasonable time thereafter."

Kansas Supreme Court Rule 131(a) (1991 Kan. Ct. R. Annot. 110) provides in relevant part:

"If any party seeks the hearing of any motion on a required day of court and it is not a motion which may be heard *ex parte*, . . . notice of the hearing shall be given to all parties affected . . . by the [moving] party . . . not less than seven (7) days prior to the date of hearing."

In the present situation, the pretrial order would not have been an appropriate means by which to amend the pleadings. No supporting affidavit was filed with the motion. No notice of the hearing scheduled for January 20, 1989, was given as required. Barcus was not served with the petition until January 24, 1989, four days after the motion was granted. The record does not reflect Barcus was served with the motion and supporting affidavit. The trial court's ruling was never journalized in accordance with Supreme Court Rule 170(b) (1991 Kan. Ct. R. Annot. 130).

K.S.A. 1991 Supp. 60-3703 contemplates a ruling on or before the pretrial conference. *Glynos v. Jagoda*, 249 Kan. at 487. The only ruling on the motion made by the trial court was void because Sullwold failed to comply with K.S.A. 1991 Supp. 60-3703 and because Barcus was not yet under the court's jurisdiction when the ruling was made. See *Cook v. Freeman*, 16 Kan. App. 2d 555, Syl. ¶ 3, 825 P.2d 1185 (1992) (timely service of process on a defendant creates jurisdiction); *Bray v. Bayles*, 4 Kan. App. 2d 596, 609, 609 P.2d 1146 ("[J]urisdiction of the person of the defendant can be acquired only by issuance and service of process

in the method prescribed by statute, or by voluntary appearance."), *aff'd in part, rev'd in part on other grounds* 228 Kan. 481, 618 P.2d 807 (1980). No valid ruling on the motion was made on or before either pretrial conference. The trial judge's pretrial sheet dated October 25, 1990, the date of the second pretrial conference, reflects no amendments to the pleadings would be made.

We further conclude no abuse of discretion has been shown by the trial court's refusal to grant the motion to amend at the January 11, 1991, hearing. K.S.A. 60-215(a) states in relevant part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

"A trial court is given broad discretionary power under 60-215 to permit the amendment of pleadings, and its actions thereto will not constitute reversible error unless it affirmatively appears that the amendment allowed or denied is so material it affects the substantial rights of the adverse party. [Citations omitted.]" *Williams v. Amoco Production Co.,* 241 Kan. 102, 109, 734 P.2d 1113 (1987).

"The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision." *Anderson v. Heartland Oil & Gas, Inc.,* 249 Kan. 458, Syl. ¶ 7, 819 P.2d 1192 (1991).

Contrary to Sullwold's assertion, the trial court enunciated two specific reasons why the amendment would not be allowed: (1) The original order granting the motion to amend was void as Barcus had not yet been served with process at the time that ruling was made; and (2) Sullwold failed to comply with the provisions of K.S.A. 1991 Supp. 60-3703 as no supporting affidavit was filed with the motion.

K.S.A. 1991 Supp. 60-3703 sets forth a specific procedure that must be followed before a plaintiff may be allowed to amend a petition to include a claim for punitive damages. The reasons for the statute are "to limit the number of punitive claims that may be pleaded, prevent undue delay in deciding whether such claims should be granted, and reducing the time and money spent in litigating an action." *NAL II, Ltd. v. Tonkin,* 705 F. Supp. at 527.

The record reflects Sullwold never complied with K.S.A. 1991 Supp. 60-3703 before either pretrial conference. A motion to amend with a supporting affidavit attached was never filed with the trial court. The supporting affidavit alleged to have been presented to the trial court has not been included in the record on appeal. Although the trial judge's pretrial sheet dated September 14, 1990, reflects Sullwold asked to amend her petition to claim punitive damages, this notation is not a substitute for compliance with K.S.A. 1991 Supp. 60-3703.

K.S.A. 1991 Supp. 60-3703 specifically states: "The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed on or before the date of the pretrial conference held in the matter." When there is a conflict between general and specific statutes, the specific legislation controls. *Read v. Miller,* 14 Kan. App. 2d 274, 276, 788 P.2d 883, *aff'd* 247 Kan. 557, 802 P.2d 528 (1990). K.S.A. 1991 Supp. 60-3703 specifically addresses the time by which a trial court may grant a motion to amend to claim punitive damages and controls over the general statute, K.S.A. 60-215(a). Sullwold failed to follow the procedure set forth in K.S.A. 1991 Supp. 60-3703, and the trial court properly denied her motion to amend.

The trial court did not abuse its discretion by failing to submit the claim for punitive damages to the jury. Unless modified to prevent manifest injustice, the pretrial order under K.S.A. 1991 Supp. 60-216 controls the course of the action, and an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. *Herbstreith v. de Bakker,* 249 Kan. 67, Syl. ¶ 1, 815 P.2d 102 (1991). The pretrial order herein properly did not include a claim for punitive damages and was not subject to modification.

Affirmed.