(869 P.2d 244)
No. 70,024

CITY OF ARKANSAS CITY, KANSAS, and SOUTHWEST NATIONAL BANK OF WICHITA, KANSAS, *Appellees,* v. A. SCOTT ANDERSON and E. SYLVIA ANDERSON, *Appellants.*

Petition for review denied 255 Kan. 1000 (1994).

Opinion filed February 25, 1994.

*Patrick E. McGrath* and *Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellants.

*Thomas E. Ruzicka* and *Steven B. Moore,* of Watson, Ess, Marshall & Enggas, of Olathe, for the appellees.

Before BRAZIL, P.J., LARSON and PIERRON, JJ.

PIERRON, J.: The defendants/judgment debtors appeal the trial court's order entering sanctions against their attorneys. The attorneys refused to allow a deposition of a third party, arguing the Kansas Rules of Civil Procedure do not allow a deposition in these circumstances.

The instant controversy is a continuation of a case first filed in 1983. The Cowley County District Court entered judgment for the plaintiffs/judgment creditors in July 1984. The creditors then began proceedings under K.S.A. 60-2419 to uncover assets which could be used to satisfy the judgment. A hearing in aid of execution was held in April 1987. At that hearing, defendant/debtor A. Scott Anderson refused to answer certain questions regarding assets he held. He cited his Fifth Amendment rights

as his basis for refusal. The court ordered Anderson to answer, but he refused. He was found to be in contempt, pursuant to K.S.A. 1993 Supp. 60-2419 and K.S.A. 20-1205, and ordered incarcerated until he purged himself of the contempt. Anderson stated his intention to appeal, and the court stayed execution of detention for 10 days. Anderson was ordered to post a $10,000 cash or surety bond. He did so, then promptly fled the jurisdiction. He has not reappeared.

In 1985, the district court had ruled that the creditors could conduct discovery to find assets subject to garnishment. The Andersons' motion to quash was denied, and the creditors were allowed to depose the records custodian of a bank and one of the Andersons' business partners.

It is not clear what transpired in the intervening years, but in 1993 the creditors served a subpoena duces tecum on William Gibb, a certified public accountant who allegedly had knowledge of the Andersons' tax returns for the years in question. Gibb was ordered to present all records relative to the Andersons. The Andersons' attorneys, Patrick McGrath and Paul Hasty, were notified. They were not told what records were requested in the subpoena.

In a letter to Gibb, McGrath stated he opposed the deposition because there was no case pending. He appeared at the deposition and insisted it be suspended until the court could rule on a motion to quash. The motion was never filed.

The creditors filed a motion to compel discovery on May 24, 1993. The debtors responded, alleging that K.S.A. 1993 Supp. 60-2419 did not allow discovery; that the case was closed pursuant to final judgment entered in 1984; and that the notice of deposition did not comply with K.S.A. 1993 Supp. 60-245 and was not valid.

The court held the deposition could take place and sanctioned the debtors' attorneys, awarding the creditors attorney fees and expenses. The debtors appeal, raising the same issues raised below.

The debtors filed a motion for protective order with this court. It was granted October 7, 1993. All activities have been suspended pending resolution of this appeal.

The debtors argue the creditors were not entitled to take a deposition for two reasons. First, the 1984 judgment for the creditors was a final judgment, thus there was no case pending. Depositions may only be taken after an action is convened. K.S.A. 1993 Supp. 60-203. The debtors argue that because judgment was rendered, the creditors should have commenced a new action in order to take depositions. The second argument is that the statute which allows proceedings in aid of execution, K.S.A. 1993 Supp. 60-2419, does not provide for discovery by deposition.

In *Elkhart Co-op Equity Exchange v. Hicks*, 16 Kan. App. 2d 336, 823 P.2d 223 (1991), this court considered whether proceedings in aid of execution represent a new case or a continuation of the original case. In that case, the debtor, Hicks, was an Oklahoma resident. The co-op obtained personal jurisdiction over Hicks in the underlying action because Hicks filed an answer and confessed judgment. Hicks then refused to appear at a debtor's examination, arguing the court lacked personal jurisdiction. This court adopted "the majority view that a debtor's examination hearing is a continuation of the original cause of action." *Elkhart Co-op*, 16 Kan App. 2d at 338. Thus, the court found it had personal jurisdiction over Hicks.

The same logic may be applied here. The subpoena duces tecum was served as part of the debtor's examination, which is a continuation of the original case. Therefore, there was a case pending before the court.

The second question in this issue is more difficult to answer. K.S.A. 1993 Supp. 60-2419 allows a hearing in aid of execution. The debtor must appear at this hearing and answer questions regarding his or her assets. Failure to appear may result in the debtor's arrest for contempt of court. Anderson appeared but refused to answer questions. He has fled the jurisdiction, and there is evidently a warrant for his arrest. He is not available for further proceedings.

The Andersons'' attorneys argue it was improper to allow a deposition because the statute does not allow such discovery. The statute does, however, allow third-party witnesses to be called to testify at a hearing. Nothing in the statute prohibits a creditor from requesting the witness bring along any pertinent, relevant documents. K.S.A. 1993 Supp. 60-2419.

Essentially, this case can be classified as one of statutory interpretation. There are two rules applicable to this case: the rule of liberal construction and the rule of *expressio unius est exclusio alterius.*

In *Smith v. Marshall,* 225 Kan. 70, 587 P.2d 320 (1978), the Supreme Court adopted the position Chief Judge Foth took in a dissent in the Court of Appeals' decision in the same case, 2 Kan. App. 2d 213, 577 P.2d 362 (1978). Adopting the language of Chief Judge Foth, the Supreme Court stated " 'remedial legislation should be "liberally construed to effectuate the purpose for which it was enacted." ' " *Smith,* 225 Kan at 75.

In *Read v. Miller,* 247 Kan. 557, 802 P.2d 528 (1990), the court noted that K.S.A. 60-102 requires liberal construction of the Code of Civil Procedure. This is "to secure the just, speedy and inexpensive determination of every action or proceeding." K.S.A. 60-102.

In *Fleming v. Etherington,* 227 Kan. 795, 798, 610 P.2d 592 (1980), the Kansas Supreme Court stated the Kansas statute authorizing proceedings in aid of execution is similar to Rule 69 of the Federal Rules of Civil Procedure, the rule governing debt execution proceedings in federal court.

Actually, there is little similarity between the two. The federal rule specifically authorizes discovery by any manner provided by the rules. It states,

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. . . . In aid of the judgment or execution, the judgement creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. Proc. 69.

It may be inferred from the decision that the Supreme Court takes an expansive view of K.S.A. 1993 Supp. 60-2419 and would allow discovery. However, as the debtors point out, the discussion of Rule 69 was not relevant to the Fleming decision and could be regarded as dicta.

We believe this court should hold that depositions are allowed in a case such as this. While K.S.A. 1993 Supp. 60-2419 authorizes a proceeding to discover assets, the language of the statute does not indicate this procedure is the sole remedy. Fur-

ther, because collecting a judgment is a continuation of the original action, it seems reasonable to allow discovery to continue.

Also, because the statute authorizes a hearing, it seems to be reasonable to allow depositions. A deposition involves sworn testimony, as does a hearing. The only difference is a deposition is not taken before a judge or magistrate. It could be argued that depositions are more efficient than hearings because they do not tie up judicial resources. While providing many of the same protections, the party to be deposed may request a protective order or may seek a court's ruling on the admissibility of certain evidence should a hearing be required.

Moreover, it seems a good practice on the facts of this case. Scott Anderson has absconded and is in contempt. Without some method of gathering evidence, the creditors have no way to satisfy the judgment already granted them.

The debtors also argue the notice was defective. The creditors admit the deposition notice was defective and that the return of service did not comply with the applicable laws. Because the debtors' counsel was aware of what was being sought, the creditors submit any error was harmless, did not prejudice the substantial rights of the Andersons, and may, therefore, be ignored. K.S.A. 60-261 states:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

We agree with the creditors. Everyone knew what was going on and why Gibb's deposition was sought.

The debtors cite *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 682, 840 P.2d 448 (1992), for the proposition that a party does not have to prove prejudice "once it has been established that the notice did not substantially comply with the requirements of the statute." The statute at issue in *Meigs* was K.S.A. 8-1001, which is a part of a separate procedure dealing with the suspension of driving privileges. The facts of that case are not on point.

The debtors further allege the creditors were seeking discovery of privileged documents as defined by K.S.A. 1993 Supp. 1-401 (client communication to certified public accountants). This question was raised in the request for protective order but is not addressed in the appellants' briefs, and apparently is not an issue here.

The creditors requested costs and sanctions pursuant to K.S.A. 60-237(a). This statute allows a party to recover costs accrued in association with pursuing an order to compel discovery. The statute requires the nonmoving party to pay reasonable expenses, "unless the judge finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." K.S.A. 60-237(a)(4).

The standard of review is abuse of discretion. A court abuses its discretion when it reaches a decision with which no reasonable person could agree. If any reasonable person could agree, the decision must be affirmed. *Sullwold v. Barcus*, 17 Kan. App. 2d 410, 416, 838 P.2d 908 (1992).

The appellants argue that the standard of review is de novo because the question is a matter of law. This is incorrect. The decision to award fees was based on the facts of this case, not the law. The attorneys' conduct in this matter reveals an attitude and course of conduct that a reasonable judge could find was the basis for the imposition of sanctions. Although the court could have ruled otherwise, we find no abuse of discretion.

Affirmed.