(870 P.2d 705)
No. 70,019

BRAD K. BLYTHE, *Appellant,* v. BUD BLYTHE and
J. K. CORPORATION, *Appellees.*

Opinion
filed March 18, 1994.

*Steven B. Doering,* of Law Offices of Steven B. Doering, of Garnett, for appellant.

*Blake Hudson,* of Hudson & Mullies, of Fort Scott, for appellees.

Before LEWIS, P.J., ELLIOTT and RULON, JJ.

ELLIOTT, J.: Brad Blythe appeals the trial court's refusal to grant his request for the dissolution of a corporation. We affirm.

J.K. Corporation is primarily a ranching operation, the stock of which is owned equally by Brad and his brother Bud Blythe.

The trial court refused to dissolve the corporation because it was profitable and because dissolution was not in the best interest of Bud or the corporation.

Brad contends dissolution is not discretionary under K.S.A. 17-6804(d) and, even if it is, the trial court abused its discretion in refusing dissolution.

Bud has been involved in the daily operation of the corporation since the spring of 1978, assuming more responsibilities as his father's health failed. Bud draws a salary from the corporation,

and it pays part of his electric bills. Bud's home serves as business headquarters for the corporation.

After graduating from college in 1975, Brad worked for the corporation for about a year and then had very little contact with the corporation until late 1990, when he and Bud bought out their sister and assumed full control of the corporation.

Mark Bolton, whose CPA firm has been providing services for J.K. Corporation for the past 10 years, testified at trial that the corporation is very profitable. Bolton also testified he was unaware of any logical business reason for dissolving the corporation; in fact, dissolution would have adverse tax consequences to the shareholders.

The trial court concluded:

"[A]lthough the brothers do appear to be deadlocked with regard to certain issues, there is no evidence that a stalemate exists which has paralyzed the functioning of J.K. Corporation. It is not clear how the stockholders would be 'protected' by dissolution of a solvent, profitable corporation, and it does not appear that dissolution would be in the best interest of the corporation or its shareholders. The petition for dissolution should be denied."

K.S.A. 17-6804(d) provides:

"If the stockholders of a corporation of the state, having only two stockholders, each of which owns 50% of the stock therein, *shall be unable to agree upon the desirability of dissolving the corporation and disposing of the corporate assets, either stockholder may file with the district court a petition stating that it desires to dissolve the corporation and to dispose of the assets* thereof in accordance with a plan to be agreed upon by both stockholders. Such petition shall have attached thereto a copy of the proposed plan of dissolution and distribution and a certificate stating that copies of such petition and plan have been transmitted in writing to the other stockholder and to the directors and officers of such corporation.

"*Unless both stockholders file* with the district court (1) within three months of the date of the filing of such petition, *a certificate stating that they agreed on such plan, or a modification thereof, and* (2) within one year from the date of the filing of such petition, *a certificate stating that the distribution provided by such plan has been completed, the court may dissolve such corporation* and, by appointment of one or more trustees or receivers with all the powers and title of a trustee or receiver appointed under K.S.A. 17-6808 and amendments thereto, may administer and wind up its affairs. Either or both of the above periods of time may be extended by agreement of the stockholders, evidenced by a certificate filed with the court prior to the expiration of such period." (Emphasis added.)

The issue for us to decide is whether the legislature's use of the phrase "the court *may* dissolve the corporation" means dissolution is discretionary. Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

Brad's main argument is that once a deadlock is shown, the court can deny dissolution only if the opposing shareholder proves the petitioning shareholder was acting in bad faith or that a compensable injury would result to the opposing shareholder. We disagree.

K.S.A. 17-6804 was patterned after a section of the Delaware Code which was restricted in scope to the discontinuance of a joint venture engaged in by a corporation having equal owners. See K.S.A. 17-6804, Kansas Comment; Del. Code Ann. tit. 8, § 273 (1991).

Commentators are not in agreement regarding the meaning of the "deadlock" statutes, and we note they rely mostly on unpublished Delaware opinions for their analysis. Compare 2 Logan, Martin & Ray, Kansas Corporation Law & Practice § 9.05 (3d d. 1992 Supp.); Drexler, Black & Sparks, Delaware Corporation Law and Practice, § 38.04 (1994); Balotti & Finkelstein, The Delaware Law of Corporations and Business Organizations § 10.11 (2d ed. 1992 Supp.); 3 Folk, Delaware General Corporation Law § 273.4 (3d ed. 1992); with Supreme Court Rule 7.04 (1993 Kan. Ct. R. Annot. 36).

Our legislature chose to use the word "may" in K.S.A. 17-6804(d). We must presume the legislature understood the meaning of that word, intended to use the word, and used the word in its ordinary and common meaning. See *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245-46, 834 P.2d 368 (1992).

We cannot read K.S.A. 17-6804(d) as narrowly as Brad wishes; we conclude the statute is permissive rather than mandatory. The trial court has discretion and we are unable to conclude the legislature intended dissolution be mandatory unless bad faith is shown.

Brad also contends the trial court abused its discretion in denying his petition for dissolution. If any reasonable person would agree with the trial court's decision, no abuse of judicial discretion

has been established. *Sullwold v. Barcus*, 17 Kan. App. 2d 410, 416, 838 P.2d 908 (1992).

While K.S.A. 17-6804(d) provides no laundry list of factors for the court to consider when deciding whether to grant or deny a contested petition for dissolution, such a list would include the seriousness of the deadlock, the ability of the corporation to conduct business profitably despite the deadlock, the benefit or detriment to shareholders of a dissolution, and whether dissolution would injure the public. See 19 Am. Jur. 2d, Corporations § 2783; Annot., 83 A.L.R.3d 458.

J.K. Corporation is a family business, and the disputes are between two brothers. The trial court based its decision largely on the testimony of the two brothers. It is evident the court considered the disputes between the brothers to be just that— mere disputes. The court found none of the problems paralyzed the corporation, which continued to profit.

In its discretion, the trial court found dissolution was not in the best interest of the corporation or its shareholders. After reviewing the record, we cannot state that no reasonable person would agree with the trial court's decision; therefore, there has been no showing the decision was an abuse of the court's discretion.

Affirmed.